EVAN A. JENNESS (SBN 136822)
2115 Main Street
Santa Monica, California  90405
Telephone:   (310) 399-3259
Facsimile:    (310) 392-9029
evan@jennesslaw.com

JEFFREY J. DOUGLAS (SBN 106922)
A Professional Corporation
1717 Fourth Street, Third Floor
Santa Monica, California  90401
Telephone:   (310) 576-3411
Facsimile:    (310) 576-3408
jjdxxx1@gmail.com

Attorneys for Defendant
WALTER LEE WILLIAMS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>        vs.<br><br>WALTER LEE WILLIAMS,<br><br>             Defendant. | CASE NO. CR 13-302-PSG<br><br>WALTER WILLIAMS' MOTION FOR A JURY QUESTIONNAIRE TO SUPPLEMENT THE COURT'S *VOIR DIRE*; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT<br><br>Motion Date:     March 3, 2014<br>Motion Time:    10:00 a.m.<br>Place:              880-Roybal |

1    Walter Lee Williams, through counsel, moves the Court for the submission of a

2    short jury questionnaire to prospective jurors in this case, as a supplement to the

3    Court's *voir dire* of prospective jurors in open court.  A copy of the proposed

4    questionnaire is attached as Exhibit A.

5    As directed in Part D(4) of the Court's Criminal Motion and Trial Order,

6    defense counsel has conferred with counsel for the government in an effort to submit a

7    mutually agreeable questionnaire.  The attached Exhibit A reflects changes proposed

8    by the prosecutors which were mutually agreeable, but the parties were unable to agree

9    upon a joint questionnaire.

10    Proposed orders, in the alternative, are submitted herewith.

11    DATED:  January 21, 2014

12    Respectfully submitted,

13    LAW OFFICES OF EVAN A. JENNESS,

14

15    By:    /s/ Evan A. Jenness

16    EVAN A. JENNESS

17    LAW OFFICES OF JEFFREY J. DOUGLAS,

18

19    By:    /s/ Jeffrey J. Douglas

20    JEFFREY J. DOUGLAS

21    Attorneys for Defendant, Walter Lee Williams

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

The use of a brief jury questionnaire in this case will promote efficiency and facilitate the selection of a fair and impartial jury in this unusual case. It also will help to avoid potential juror embarrassment given the sensitive nature of the charges – sex tourism involving underage homosexual and transgender males. The case has several distinguishing characteristics that make the use of a brief written questionnaire appropriate.

First, Walter Williams was designated by the F.B.I. as the five hundredth person placed on the "FBI's Ten Most Wanted List," and a $100,000 bounty was offered for information leading to his arrest. Upon Professor Williams' arrest, the Department of Justice, Federal Bureau of Investigation, and Los Angeles Police Department all made public statements variously describing Professor Williams as - in effect - a serial child sexual predator. This prejudicial publicity had the effect of distorting the reputation and character of a renowned gay academic, anthropologist, published author and archivist; former professor at the University of Southern California; and prior Fulbright Scholar with an extraordinary resume of scholarly accomplishments. Seating a fair and impartial jury requires screening to ensure that our jurors were not exposed to the monstrous caricature created by the government in its publicity campaign. Eliciting such exposure in a written questionnaire will efficiently serve this important function, and avoid the potential for the entire venire to be polluted by the responses of any one juror in open court.

Second, evidence likely to be proffered at trial by the prosecution may include sexually graphic photographic images, including depictions of nude male genitals, masturbation, genital fondling, oral copulation and other imagery involving homosexual and transgender individuals, including minors. For some prospective jurors, viewing these images may be embarrassing and/or upsetting to the point of impacting fairness, objectivity and the ability to perform the duties of juror. A written

1  jury questionnaire would encourage juror candor regarding such issues, thus

2  promoting fairness in jury selection.

3        Third, the charges and relevant facts in this case are unusual, and may evoke

4  extreme emotional responses by some prospective jurors, for a number of reasons.

5  Many people in our community harbor biases against homosexuals and/or transgender

6  individuals.  Such biases would greatly impact a juror's objectivity in this case given

7  both Professor Williams' background and the charged events.  Prospective jurors who

8  themselves were child sex offense victims, or who have had other personal

9  experiences associated with sex offenses, also may be inclined to prejudge this case.

10  Being asked to reveal matters bearing on issues like these in open court, or even face-

11  to-face at side-bar, could be embarrassing and/or emotionally upsetting for prospective

12  jurors.  *Voir dire* in open court on sensitive issues like these also could discourage

13  prospective juror candor.  A written jury questionnaire could facilitate revelation of

14  this information while avoiding juror embarrassment.

15                              **CONCLUSION**

16        For the reasons stated herein, the defense respectfully requests that the Court

17  direct that the accompanying written jury questionnaire be submitted to prospective

18  jurors in this case, as a supplement to the Court's *voir dire* in open court.

19  DATED:  January 21, 2014

20                          Respectfully submitted,

21                          LAW OFFICES OF EVAN A. JENNESS,

22

23                          By:   /s/ Evan A. Jenness
24                                EVAN A. JENNESS

25                          LAW OFFICES OF JEFFREY J. DOUGLAS,

26

27                          By:   /s/ Jeffrey J. Douglas
28                                JEFFREY J. DOUGLAS

                            Attorneys for Defendant, Walter Lee Williams

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

*UNITED STATES v. WILLIAMS*, CR NO. 13-302-PSG

**JUROR QUESTIONNAIRE**

The questions on this form are asked to help the court and the lawyers in this case learn about your views on some sensitive issues that may be related to the case. Its use will avoid the need to ask these questions in open court, and could help to shorten the jury selection process for everyone. The questions are not asked to invade your privacy, but to help select an appropriate jury for this case. Whether the question is asked in this questionnaire or not, if there is any other reason why you might not be able to give both sides a fair trial in this case, it is important that you say so.

All information contained in this questionnaire will be kept ***confidential***. It will be reviewed only by the court and by the attorneys on each side. Neither your names nor answers will be released to the general public or the media.

Because this questionnaire is part of the jury selection process, it must be answered under your oath as a prospective juror to tell the truth. Your complete honesty and candor are essential.

Please respond to each question as fully and completely as possible. Keep in mind that there are no "right" or "wrong" answers, provided that your responses are truthful and complete.

As you read the questions, you are not to draw any inferences about the issues that must be decided in this case.

You are instructed not to discuss this questionnaire or the case with anyone, including your family and fellow jurors. Your answers must be your own.

If you require additional space for your answers or wish to make further comments, please use the extra sheet attached to your questionnaire.

Please fill out the entire questionnaire in ink and do not leave any questions blank. When you are done, please return the questionnaire to the Jury Clerk and you will receive further instructions.

Dated: _____

_____
Hon. Phillip S. Gutierrez
United States District Judge

Page 1 of 6

EXHIBIT A

## <u>QUESTIONNAIRE</u>

**JUROR NUMBER:** _____

1.    Have you previously heard or read (in the media, on the internet, on TV, on
       the radio, or anywhere else) anything about this case or the defendant,
       Walter Williams?

       Yes _____ No _____.  If you answered "yes," what have you heard?

       _____

       _____

       _____

2.    Would the fact that Walter Williams is homosexual affect your consideration
       of the evidence in the case?

       Yes _____ No _____.  If you answered "yes," in what ways?

       _____

       _____

       _____

3.    Assuming Walter Williams is charged with traveling overseas and engaging
       in sexual conduct with underage males, do you have any strong feelings
       about the charges, or about Walter Williams?

       Yes _____ No _____.  If you answered "yes,"  what are those feelings?

       _____

       _____

       _____

4.      If you were selected to serve as a juror in this case, you would be required to look at and discuss photographic images of nude and/or partially clothed homosexual and transgender (persons who identify with or express a gender identity different from the one corresponding to their sex at birth) males, including underage males.  The images may depict nudity, masturbation, genital fondling and/or oral copulation.  Would that affect your ability to focus on the evidence, discuss evidence with other jurors or otherwise affect your consideration of the evidence in the case?

Yes _____  No _____.  If you answered "yes," in what ways?

_____

_____

_____

5.      Would it be harder for you to apply the presumption of innocence in this case because, in contrast to some other type of criminal case (for example, one involving drugs or fraud), it could involve testimony and evidence about male homosexual and/or transgender sexual conduct, including but not limited to nudity, masturbation, genital fondling and/or oral copulation involving underage males?

Yes _____  No _____.  If you answered "yes," in what ways?

_____

_____

_____

6.      Do you have strong feelings about discussing with other jurors the sexual activity of male homosexual and/or transgender persons, including but not limited to nudity, masturbation, genital fondling and/or oral copulation involving underage males?

Yes _____  No _____.  If you answered "yes," what are those feelings?

_____

_____

_____

7.      Do you feel that male homosexual and/or transgender sexual activities could be harmful to society generally?

Yes _____  No _____.  If you answered "yes," what are those feelings?

_____

_____

_____

8.      Have you or has anyone close to you been a victim of any type of sexual abuse as a child?

Yes _____ No _____.  If you answered "yes," how would that impact on your consideration of the evidence in this case?

_____

_____

_____

9.      Assuming Walter Williams is charged with traveling overseas and engaging in sexual conduct with underage males, have you had any personal experiences in your life that would prevent you from being a fair and impartial juror in this case?

Yes _____ No _____.  If you answered "yes," in what ways?

_____

_____

_____

10.     Assuming Walter Williams is charged with traveling overseas and engaging in sexual conduct with underage males, do you personally agree that the burden of proof should lie completely with the prosecution and that Walter Williams should not have to prove his innocence in any way?

Yes _____ No _____.

## **EXTRA SPACE FOR FURTHER RESPONSES**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____