ANDREW G. OOSTERBAAN
Chief, Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice
RAVI SINHA
HERBRINA D. SANDERS
Trial Attorneys
Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, NW, Suite 600
    Washington, DC, 20005
    Telephone: (202) 616-1951
    Facsimile: (202) 514-1793
    Email: ravi.sinha@usodj.gov
        herbrina.sanders@usdoj.gov

*Attorneys for Plaintiff,*
*United States of America*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LEE WILLIAMS,<br><br>Defendant. | CR No. 13-0302-PSG<br><br><u>UNITED STATES' FIRST MOTION IN LIMINE; MEMORANDUM OF POINTS AND LAW; PROPOSED ORDER</u><br><br>Trial Date: March 18, 2014<br>Time:    8:30 AM<br>Place:   Courtroom of the<br>        Hon. Philip S. Gutierrez |
|---|---|

For the reasons set forth in the attached *Memorandum of Points and Law*, the United States respectfully moves this Court for an Order (1) prohibiting Defendant Walter Williams, his counsel, and any defense witnesses from asking any question, introducing any evidence, or making any statement regarding the following improper, inadmissible and/or overly prejudicial matters while the jury is present:

    a.    Motive of the Government

    b.    Age of Consent

    c.    Plea Negotiations

d.     Offers to Stipulate

e.     Undisclosed Defense Exhibits

f.     References to Potential Punishment or Defendant's Personal Background

g.     References to Defendant's Health

h.     Improper Character Evidence

i.     Administrative Discipline

j.      Other-Interests Evidence

k.     Victims' Sexual Behavior Evidence

l.      Exculpatory Hearsay

m.     Lack of Criminal History

and (2) allowing the United States to admit a sampling of the child pornography found to have been in Defendant's possession into evidence and to publish those images to the jury in such a way the child pornography is not viewable to members of the public who chose to attend the trial.

Dated: February 3, 2014          Respectfully submitted,

ANDREW G. OOSTERBAAN
Chief
Child Exploitation & Obscenity Section
Criminal Division
U.S. Department of Justice

*/s/ Ravi Sinha*
RAVI SINHA
HERBRINA D. SANDERS
Trial Attorneys
Child Exploitation & Obscenity Section
Criminal Division
U.S. Department of Justice

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA

### Memorandum of Points and Law

For the reasons set forth below, the United States respectfully moves this Court for an Order prohibiting Defendant Walter Williams, his counsel, and any defense witnesses from, while the jury is present, asking any question, introducing any evidence, or making any statement regarding the matters set forth in subsections 1-13 below.  The United States also moves this Court to act, as set forth in subsection 14, to allow it to admit a sampling of the child pornography—found to have been in Defendant's possession and relevant to the charges against Defendant—into evidence and to publish those images and/or videos to the jury.   In the support, it states:

1. <u>Motive of the Government</u>:  This Court should preclude Defendant, his attorneys, and all defense witnesses from using testimony, remarks, tangible evidence, exhibits, questions or arguments which relate, either directly or indirectly, to any alleged motive of the United States in bringing this prosecution, other than the enforcement of federal statutes.

Defendant has been charged with the sexual exploitation of a child and traveling and engaging in illicit sexual conduct in a foreign place.  His offenses involve the sexual abuse of minor boys while Defendant was in the Philippines. After Defendant was arrested, and placed in confinement pending trial, he continued to communicate with individuals via email.   In those emails, previously produced to Defendant in discovery, he states that the United States is engaging in selective prosecution for his publications. Defendant is known for having taught college courses in transgender studies, served as an editor of the International Gay and Lesbian Review, and published on, among other topics, gender orientation and gender non-conformity.  Also, subsequent to defendant's arraignment, media articles were written, and in-print comments were made, criticizing the government for allegedly targeting gay men for prosecution.

To support a claim of selective or discriminatory prosecution, a defendant bears the burden of establishing unconstitutional discrimination in the administration of a penal statute.  *See United States v. Oaks*, 527 F.2d 937, 940 (9th Cir. 1975).  In order to

establish a *prima facie* case of selective prosecution, a defendant must show both (1) that others similarly situated have not been prosecuted," and (2) "that the prosecution is based on an impermissible motive," *i.e.*, discriminatory purpose or intent. *United States v. Bourgeois*, 964 F.2d 935, 938 (9th Cir. 1992) (*citing United States v. Wayte*, 710 F.2d 1385 (9th Cir. 1983)), *aff'd* 470 U.S. 598 (1985). Selective prosecution claims are evaluated according to ordinary equal protection standards. *See Bourgeois*, 94 F.2d at 938.

Similarly, in order to establish a *prima facie* case of vindictive prosecution, a defendant must make a "showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982).

Defendant cannot point to, nor is there any evidence to suggest, any improper reason or motive for bringing the present charges. Any mention of any alleged impermissible motive (*i.e.* a political agenda or sexual-orientation discrimination) would be totally frivolous, baseless, and speculative. Moreover, any mention of motive or discriminatory purpose during the trial would be wholly irrelevant to whether or not Defendant is guilty of engaging in the sexual exploitation of a child or traveling and engaging in illicit sexual conduct in a foreign place. Indeed, any mention of motive or discriminatory purpose would serve no function other than to mislead and confuse the jury, as well as waste the Court's time. Lastly, if such evidence is heard by the jury, the damage to the United States' case will be irreparable, in that a motion to strike or cautionary instructions will be inadequate.

2. <u>Age of Consent</u>: This Court should preclude Defendant, his attorneys, and all defense witnesses from using testimony, remarks, tangible evidence, exhibits, questions or arguments which relate, either directly or indirectly, to any alleged age of consent contrary to existing U.S. law. The appropriate age considerations for this case, based on the charged offenses in the Indictment, are identified by U.S. law. Congress has set

the relevant age of consent regarding the 18 U.S.C. § 2423 charges are: sixteen when non-commercial sex is involved and eighteen in the case of commercial sex acts (as defined in 18 U.S.C. § 1591). *See* 18 U.S.C. §§ 2423(f), 2241-48, 1591. Congress similarly set eighteen, instead of sixteen, as the relevant age of consent in federal child pornography statutes, including 18 U.S.C. § 2251(c), for which Defendant is charged. *See* 18 U.S.C. §§ 2251, 2256.

Mention of any foreign or non-applicable age of consent—such as the age of consent in the Philippines or elsewhere—is wholly irrelevant, would be a misstatement of the applicable law, would be contrary to the anticipated jury instructions, and would serve no function but to mislead the jury, confuse the issues, and waste the Court's time. As such, no reference to any alleged age of consent contrary to the ages established by Congress for the charged offenses should be made while the jury is present.

3. Plea Negotiations: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place, as such matters would be highly prejudicial and are not proper concerns for the jury. *See* FED. R. EVID. 401, 402 and 403; *See also generally* FED. R. EVID. 410.

4. Offers to Stipulate: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless a stipulation has been agreed upon by the parties and approved by the Court. *See* FED. R. EVID. 401, 402 and 403; *See also generally Old Chief v. United States,* 519 U.S. 172, 186-187 (1997).

5. Undisclosed Defense Exhibits: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding defense exhibits that were not supplied to

the United States prior to trial.  Federal Rule of Criminal Procedure 16(d)(2) provides in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

Under Rule 16, Defendant is required to provide reciprocal discovery to the government.  To date, no reciprocal discovery has been received by the United States.

6. <u>References to Potential Punishment or Defendant's Personal Background</u>:  This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding potential penalties Defendant faces if convicted.  Information about penalties draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromised verdicts, and confuses the issues to be decided.  *See United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995).  In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against Defendant beyond a reasonable doubt. *See* 9th Cir. Crim. Jury Instr. §7.4.  Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for Defendant and prejudiced against the United States.  *See* 9th Cir. Jury Inst. §3.1.

Similarly, this Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's current age, family circumstances, finances, or other non-pertinent aspects of Defendant's personal background.  Defendant may attempt to introduce evidence that could improperly arouse the sympathy of the jury, such as evidence of his age, finances, his family, or any other aspects of his personal background.  The court should preclude Defendant from presenting such evidence under the Federal Rules of Evidence 401, 402, and 403.  To that end, the United States

expressly requests that Defendant be precluded from resorting to a common, yet entirely objectionable, defense tactic of "introducing" Defendant to the jury through the use of family photographs and reference to Defendant's family or any other irrelevant aspect of his background.  Testimony about Defendant's age, family circumstances, finances, or other non-pertinent aspects of Defendant's personal background are patently irrelevant to the issues in this case.  Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable than it would be without the evidence."  Rule 402 states the evidence "which is not relevant is not admissible."  Testimony about Defendant's age, family, finances, of personal background are of no consequence to the determination of any essential facts in this case.

Moreover, the introduction of such evidence would violate FED. R. EVID. 403.  That rule allows a court to exclude relevant evidence where the danger of unfair prejudice or confusion of the issues outweighs the probative value of such evidence.  A trial court has "wide latitude" to exclude such prejudicial or confusing evidence.  *See United States v. Saenz*, 179 F.3d 686, 689 (9th Cir. 1999).  The admission of such evidence would tend "to induc[e] decisions on a purely emotional basis" in violation of Rule 403.  *See* FED. R. EVID. 403 Advisory Committee Notes; *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998).  Juries should not be influenced by sympathy.  *See* 9th Cir. Crim. Jury Instr. §3.1.  Thus, the United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's current age, family circumstances, finances, or other non-pertinent aspects of Defendant's personal background.

7.  <u>References to Defendant's Health</u>:  This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's current physical health, including, without limitation, current diseases, traumas, illnesses, attacks, and medical

1   or psychological conditions.  Though Defendant's health at the time of the offenses may

2   be relevant, information regarding Defendant's current condition is irrelevant, would be

3   highly prejudicial, and is not a proper concern for the jury.  *See* FED. R. EVID. 401, 402

4   and 403; *See generally United States v. Blaylock*, 20 F.3d 1458, 1463-64 (9th Cir. 1994)

5   (admitting evidence of poor health as it was relevant to the alleged crime and risk of

6   unfair prejudice was low).

7       8.  <u>Improper Character Evidence</u>:  This Court should act to preclude Defendant and

8   his counsel from, while the jury is present, introducing any evidence, making any

9   statement, or asking any questions regarding any specific acts of Defendant's prior good

10  conduct.  Testimony as to multiple instances of good conduct violates Federal Rule of

11  Evidence 405(a). *United States v. Barry*, 841 F.2d 1400, 1403 (9th Cir. 1987);

12  *Government of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985).  Federal Rule

13  of Evidence 404(a)(1) further states that evidence of a person's character is not

14  admissible for the purpose of proving a person's actions on a particular occasion except

15  "evidence of a pertinent trait of character offered by an accused or by the prosecution to

16  rebut the same."  Thus, a character witness cannot offer specific instances of conduct by

17  Defendant which would tend to support the reputation of Defendant. *See United States*

18  *v. Giese*, 597 F.2d 1170 1188-94 (9th Cir. 1979) (holding that character witnesses must

19  restrict their direct testimony to appraisals of defendant's reputation); *United States v.*

20  *Hedgecorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) ("While a defendant may show a

21  characteristic for lawfulness through opinion or reputation testimony, evidence of

22  specific acts is generally inadmissible").  In interpreting the permissible scope of

23  character evidence under Rule 404(a), the Ninth Circuit has ruled that presentation of

24  witnesses to testify about a defendant's character for "law abidingness" and honesty is

25  permissible.  Nevertheless, the Court has also held that asking a defense witness about

26  the defendant's propensity to engage in a specific type of criminal activity is not

27  allowed under Rule 404(a).  *See United States v. Diaz*, 961 F.2d 1417 (9th Cir. 1992)

28  (finding it impermissible to ask character witnesses about a defendant's propensity to

engage in large scale drug dealing).  Consequently, the United States moves in limine to prohibit Defendant from introducing testimony from any character witness regarding: (a) a specific instance of Defendant's conduct, and (b) Defendant's propensity to be involved in child exploitation crimes.

9.  <u>Administrative Discipline</u>:  This Court should act to preclude Defendant and his counsel from engaging in any attempt to impeach any witness with prior administrative disciplinary findings unless and until the Court has an opportunity to review such evidence to determine its admissibility.  Federal Rule of Evidence 608(b) allows for evidence of specific instances of conduct to be inquired into on cross-examination if probative of truthfulness or untruthfulness at the discretion of the Court.  The United States asks that Defendant's counsel approach the bench before delving into such evidence, thereby allowing the Court to make the appropriate determination on admissibility.

10.  <u>Other-Interests Evidence</u>:  This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's purported artistic, scientific, literary, journalistic, therapeutic, or medical interest in child pornography.  Such interests, even assuming *arguendo* that Defendant had them, would not constitute defenses to the crimes for which Defendant is charged because, *inter alia*, the children being abused suffer the same harms regardless of the abuser's motive.  *See United States v. Matthews*, 209 F.3d 338, 345 (4th Cir. 2000) ("In contrast [to adult pornography], any literary, artistic, political, [or] scientific . . . value of child pornography does nothing to ameliorate its harm to children" (*citing New York v. Ferber*, 458 U.S. 747, 764 (1982)).  Thus, courts have rejected "legitimate use" defenses to child exploitation offenses, including child pornography crimes, based on purported academic or literary research.  *See, e.g., id.* (rejecting First Amendment-based literary defense despite court's acceptance that defendant, an award-winning newspaper reporter, had possessed child pornography for sake of legitimate research); *Stanley v.*

9

*United States*, 932 F. Supp. 418, 421 (E.D.N.Y. 1996) (rejecting academic research defense for purposes of forfeiture statute where defendant claimed to possess child pornography solely for purpose of research he was conducting for published journal). Moreover, an innocent motive cannot rebut the knowledge requirement contained in 18 United States Code, Sections 2251(c) (production of child pornography), 2423(b) (travel with intent to engage in illicit sexual conduct) or 2423(c) engaging in illicit sexual conduct in a foreign place). *See generally United States v. Fox*, 248 F.3d 394, 407-08 (5th Cir. 2001) (finding defendant's defense that he was investigating child pornography "seriously mischaracterizes the statute's scienter element: the government must prove that the defendant knowingly, *i.e.*, voluntarily and intentionally, received child pornography . . . ."); *see also United States v. Johnson*, No. AW-11-552, 2012 WL 2317539, at *5 (D. Md. June 18, 2012) (refusing to allow defendant to testify that he viewed child pornography in the course of conducting research for a book he was writing), *aff'd*, 523 F. App'x 219, 221 (4th Cir. 2013) (explaining defendant's asserted purpose motivating his online conduct is "only marginally relevant to the issue of scienter"). Thus, any effort by Defendant to raise these interests would have no probative value, and would serve only to confuse, prejudice and mislead the jury. *See* FED. R. EVID. 401, 402 and 403.

11. <u>Victims' Sexual Behavior Evidence</u>:  This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the victims' sexual behavior or predisposition.  Federal Rule of Evidence 412 provides that evidence "offered to prove that any alleged victim engaged in other sexual behavior" or "offered to prove any alleged victim's sexual predisposition" is inadmissible at trial unless it fits into one of three categories of exceptions.  FED. R. EVID. 412(a)(1), (a)(2).  The Advisory Committee makes clear that the word "behavior" should be construed broadly, including "all activities that involve actual physical conduct" as well as "activities of the mind, such as fantasies and dreams."  FED. R. EVID. 412, advisory committee's note;

*see, e.g., B.K.B. v. Maui Police Dept.*, 276 F.3d 1091 (9th Cir. 2002) (in a sexual discrimination case, "sexual behavior" included testimony that victim modeled lingerie for two fellow police officers, once had an orgasm while using a sexual device and thinking of one of the witnesses and wanted to get the witness into bed and "hurt" him). The Sixth Circuit has specifically explained that "sexual behavior" encompasses sexually explicit online conversations with individuals other than the defendant. *United States v. Ogden*, 685 F.3d 600, 604 (6th Cir. 2012).

None of the Rule 412 exceptions are applicable here.  The categories of exceptions are: 1) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence; 2) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and 3) evidence the exclusion of which would violate the constitutional rights of the defendant.  FED. R. EVID. 412(b)(1).  There is no accusation in this case Defendant was the source of any semen, injury or other physical evidence of a sex act.  Additionally, because consent is not a defense to the charged offenses, the second exception is inapplicable in this case.  Finally, the prosecution will not introduce evidence of sexual misconduct by the victims, nor would the exclusion of evidence of the victims' sexual behavior violate Defendant's constitutional rights.  For these reasons, evidence, testimony, questions, and argument regarding such allegations should be excluded.

12.  <u>Exculpatory Hearsay</u>:  This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions that include or could be reasonably expected to elicit Defendant's purportedly exculpatory hearsay.  A defendant's inculpatory statements, when offered by the government, are admissible as admissions of a party opponent.  *See* FED. R. EVID. 801(d)(2).  But, a defendant's exculpatory statements are inadmissible hearsay, even if made contemporaneously with other self-inculpatory statements.  *See*

*Williamson v. United States*, 512 U.S. 594, 599 (1994) (finding "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts"); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (affirming district court decision to preclude defendant from "eliciting his own exculpatory statements, which were made within a broader, inculpatory narrative").

    13. <u>Lack of Criminal History</u>:  This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's lack of prior criminal convictions or arrests.  Such evidence is not relevant to the charges pending against Defendant and would be offered solely in an effort to dissuade the jury from convicting Defendant because he allegedly has no propensity for crime.  It is axiomatic that the sole question for the jury in a criminal trial is whether the defendant engaged in the conduct charged in the indictment.  For the same reasons that wholly unrelated prior acts of misconduct are excludable unless they fall within one of the exceptions to FED. R. EVID. 404(b), Defendant's prior avoidance of charges for misconduct is not relevant. *Compare United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) (finding no abuse of discretion where trial court precluded "general evidence of an absence of criminal conduct"); *Gov't of the Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985) (noting discretion held by trial court and finding no error in trial court's exclusion of evidence that defendant had no prior arrests); *with United States v. Thomas*, 134 F.3d 975, 979-80(9th Cir. 1998) (limiting admissibility of prior good acts evidence when the defendant's character is central to his or her defense).  Moreover, any such evidence would divert the jury's focus away from the issues before it and raises the danger of a verdict based on events other than those at issue in the Indictment.  Therefore, the Court should preclude the defense from arguing, or eliciting evidence regarding, Defendant's lack of convictions or prior arrests.

14. <u>Admitting  and Showing Child Pornography</u>:  This Court should also act to allow the United States to admit a sampling of the child pornography relevant to the charges against Defendant into evidence and to publish those images to the jury in a manner that ensures that they are not viewable by the public.  Because Defendant's criminal activity involves, *inter alia*, producing images of child pornography and Defendant was found to be in possession of child pornography depicting the victims underlying the charges against him, such evidence is highly probative, not overly prejudicial, and should be admitted and published to the jury.  But, because the children depicted in those images are revictimized every time an image depicting their abuse is viewed, this Court should allow the United States to display the child pornography in a way that it is not viewable by members of the public who chose to attend the trial.

Conclusion

Accordingly, the United States respectfully moves this Court to (1) preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the matters set forth  in subsections 1-13 above and (2) allowing the United States to admit a sampling of the child pornography found to have been in Defendant's possession, as set forth above.

Dated: February 3, 2014

Respectfully submitted,

ANDREW G. OOSTERBAAN
Chief
Child Exploitation & Obscenity Section
Criminal Division
U.S. Department of Justice

*/s/ Ravi Sinha*
RAVI SINHA
HERBRINA D. SANDERS
Trial Attorneys
Child Exploitation & Obscenity Section
Criminal Division
U.S. Department of Justice

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA