ANDREW G. OOSTERBAAN
Chief, Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice
HERBRINA D. SANDERS
RAVI SINHA
Trial Attorneys
  1400 New York Avenue, Suite 600
  Washington, D.C. 20005
  Telephone: (202) 616-1951
  Facsimile: (202) 514-1793
  E-mail: herbrina.sanders@usdoj.gov
          ravi.sinha@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 13-0302-PSG |
| Plaintiff, ) | GOVERNMENT'S MOTION IN LIMINE TO ADMIT OTHER ACT EVIDENCE |
| v. ) | Motions Hearing Date: March 3, 2014 |
| WALTER LEE WILLIAMS, ) | Trial Date: March 18, 2014 |
| Defendant. ) | Place: Courtroom of the Hon. Philip S. Gutierrez |

The United States of America, submits this Motion in Limine pursuant to 404(b) and 414 to admit other-act evidence of Defendant's stated sexual interest in minor boys, commission of acts of child molestation including illicit sexual conduct and possession and production of images of child pornography, and evidence of Defendant's flight to Mexico.

///

///

///

///

///

In support, the United States relies on the attached Memorandum of Points and Authorities, all files and records of this case, and any additional argument and evidence presented at any hearing on this motion.

DATED: February 3, 2014

Respectfully submitted,

ANDREW G. OOSTERBAAN
Chief
Child Exploitation & Obscenity Section
Criminal Division
U.S. Dept. Of Justice

HERBRINA D. SANDERS
RAVI SINHA
Trial Attorneys
Child Exploitation & Obscenity Section
Criminal Division
U.S. Dept. Of Justice

 /s/   Herbrina D. Sanders
HERBRINA D. SANDERS
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The four-count Indictment charges Walter Lee Williams ("Defendant") with one count of production of child pornography in violation of 18 U.S.C. § 2251(c), one count of travel with intent to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b), and two counts of traveling in foreign commerce and engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(c).

The government has the burden in Count One to prove Defendant knowingly produced sexually explicit images and transported said images into the United States. The United States has the burden in Count Two to prove Defendant intended to travel in foreign commerce to the Philippines to engage in illicit sexual conduct with minors. The United States must show for Counts Three and Four, Defendant realized his intention with respect to the two named victims. The United States seeks to introduce testimonial and documentary evidence that Defendant committed additional acts of child molestation against other minor boys in the Philippines and produced sexually explicit images of three of these boys. It is the position of the United States that these additional acts of child molestation are inextricably intertwined with the charged offenses in this case. This evidence is also admissible pursuant to Rule 414. The evidence of uncharged acts of child molestations and the images produced are relevant to, inter alia, confirm that Defendant engaged in exactly the type of conduct he is accused of in Counts Two, Three, and Four. Additionally, this evidence establishes Defendant traveled in foreign commerce, and engaged in this conduct with minors in the Philippines.

The United States also seeks to introduce other images of child pornography found on Defendant's electronic devices seized by the Federal Bureau of Investigation ("FBI"). The images of child pornography the United States seeks to introduce are very similar in nature to the types of images Defendant is charged with producing. These images are specifically tailored to Defendant's interest, and depict

young, Asian boys intentionally posed to lasciviously display their genitals and/or anus.  Consequently, they are relevant and admissible pursuant to Rule 414.  Furthermore, it is compelling identity evidence and evidence of plan, knowledge, intent, and absence of mistake admissible pursuant to Rule 404(b).

Lastly, the United States seeks to introduce pursuant to Rule 404(b), testimonial and documentary evidence of Defendant's articulated sexual interest in minor boys, and his flight from the United States to avoid prosecution.  Evidence of Defendant's flight to Mexico following his initial encounter with law enforcement regarding the charged conduct is compelling evidence of his consciousness of guilt, knowledge,  and absence of mistake.

## II.     STATEMENT OF FACTS

Defendant was indicted on April 30, 2013 on one count of production of child pornography in violation of 18 U.S.C. § 2251(c), one count of travel with intent to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b), and two counts of traveling in foreign commerce and engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(c).

On or around February of 2010, Defendant, a U.S. citizen, was living in Los Angeles, California.  During that time, he met two minor boys, aged 13 and 14, on the internet and developed online "romantic" relationships with them over a period of several months.  Defendant  communicated with both boys via Facebook, email exchanges, and through online messenger services.  Eventually, Defendant engaged the boys in sexual activity via internet webcam sessions with the two boys in the Philippines and Defendant in the United States.  In these sessions, Defendant instructed the boys to remove their clothing and expose their genitals while he watched and masturbated. Defendant paid the boys for their participation in these sessions.  Additionally, he paid one of the boys nine monthly installments of 50 US dollars via electric wire transfer for regular webcam sessions wherein the minor would strip and fondle himself while Defendant watched and masturbated.

After communicating with these boys for almost a year online, and wiring them money on a regular basis, Defendant traveled to Pagadian City, Philippines from Los Angeles Airport ("LAX") on January 22, 2011. During this trip, Defendant engaged in various sex acts with both boys for several days. Additionally, Defendant produced sexually explicit images of one of the boys and stored them on his HP laptop computer. After Defendant spent several days engaging in illicit sexual conduct with these two boys, he traveled to Dipolog, Philippines, connected with "A", another minor boy whom he had met online, and engaged in illicit sexual conduct with him. Defendant also took sexually explicit images of "A" and saved them on his Samsung camera memory card.

On or about May 3, 2010, the Los Angeles Police Department ("LAPD") was contacted by a concerned citizen who reported Defendant was possible sexually abusing children in Southeast Asia, specifically Thailand. This individual was interviewed by LAPD and stated he had spoken to Defendant regarding potential membership in Buddhist Universal Association, of which the defendant was a leading member. This individual further reported that during this conversation, Defendant stated he traveled to Thailand as part of his work as a tenured professor for the University of Southern California ("USC"), and could have sex with a male novice Buddhist monk, 12 years or younger at any time he was there. This individual expressed concern to law enforcement that Defendant condoned and supported sexual relationships with minor boys, but was unaware of any specific instances wherein Defendant had engaged in sex acts with a child. LAPD turned the case over to the FBI who investigated and documented Defendant's extensive travel to Thailand. FBI Agent Jeff Yesensky also discovered Defendant's January 22, 2011 trip to the Philippines. When Defendant returned to the United States from this trip on February 11, 2011, he was intercepted at LAX by FBI and Customs and Border Patrol ("CBP"). CBP agents seized the electronic equipment in Defendant's possession, including his HP laptop computer and Samsung Digital Camera with memory card, and conducted

1   a cursory preview for any evidence of sexual contact with minors.  Although

2   Defendant was not taken into  custody, Agent Yesensky went over Defendant's

3   Miranda rights and Defendant agreed to waive them.  Defendant then spoke to FBI

4   and CBP agents and admitted ownership of the laptop computer and camera with

5   memory card.  When asked about the sexually explicit photos of "A" that were found

6   on the Samsung camera memory card, Defendant admitted to taking the photos and

7   engaging in sexual acts with the boy.  Defendant stated, however, that "A" was an

8   adult and denied any sexual conduct with any minor children during his trip.

9   Although Defendant's property was seized at LAX for further review, he was not

10   arrested and left freely of his own volition.

11        Agent Yesensky later secured a warrant for Defendant's computer media

12   seized at LAX, and an extensive forensic review of the HP laptop by FBI analysts

13   revealed a series of webcam screen captures of both named victims and a third

14   younger boy.   Some of the images depicted child pornography of what appeared to

15   be the same boys exposing their genitals for the camera.  The named victims were

16   only able to identify themselves in the images that included their faces.

17        Agent Yesensky traveled to the Philippines pursuant to this investigation and

18   identified, located and interviewed the named victims and "A".  The named victims

19   both identified themselves and a younger boy, age 9, in the webcam images found on

20   Defendant's computer media.  They independently stated those images were captured

21   during a session with Defendant prior to his trip to the Philippines.

22        "A" confirmed that he was a minor at the time of the sex acts with Defendant,

23   and stated he had disclosed his true age of seventeen to Defendant prior to any sexual

24   conduct.  "A" also told Agent Yesensky that Defendant had met and engaged in

25   sexual conduct with other minor boys while in the Philippines ranging in age from 5-

26   18 years old.  Agent Yesensky spoke to four of the boys, who confirmed Defendant

27   engaged in sex acts with all of them despite his knowledge they were school age.

28   Many of the boys described group sex acts that included penal-anal penetration and

oral copulation with the Defendant.  They all also stated he would pay them money in exchange for their participation.

As a part of the investigation, Agent Yesensky subpoenaed Defendant's work personnel file and discovered Defendant had tendered his resignation to USC as of February 28, 2011, approximately two and a half weeks after his return from the Philippines.  Defendant described the United States in his resignation letter as a "violent, mean-spirited, vindictive place," and stated he had "been threatened and accused of things that are not true, and [he did] not wish to deal with such matters." (See Attachment A, Letter of Resignation).  Agent Yesensky also learned through subpoenaed bank records and other documents provided to defense in discovery that Defendant left the United States sometime prior to March 20, 2012 and moved to Mexico with no apparent intention to return to the United States.  Defendant was added to the FBI's top ten most wanted list and was apprehended June 18, 2013 in Playa Del Carmen, Mexico.  While living in Mexico, Defendant had applied for and received legal status, and was attempting to be awarded full citizenship.

### III. ARGUMENT

A. Evidence of Defendant's Commission of Other Acts of Child Molestation is Relevant and Admissible.

In the current case, Defendant is charged with traveling in foreign commerce and engaging in illicit sexual conduct with a minor, in violation of 18. U.S.C. § 2423(c).  To prove this charge, the United States must establish that Defendant knowingly traveled in foreign commerce and engaged in illicit sexual conduct with a minor under 18 years of age. 18. U.S.C. § 2423(c).  Illicit sexual conduct is defined as a sexual act with a person under 18 years of age.  A sexual act is defined in 18. U.S.C. § 2246(2) and includes contact between the penis and the anus, mouth and penis, or mouth and anus; and the penetration however slight, of the anal opening of another by a hand, finger or any object, or the intentional touching, not through the

clothing, of the genitalia of another person who has not attained the age of 16 years, with an intent to arouse or gratify the sexual desires of any person. The United States believes the other-acts evidence of child molestations Defendant committed during the same time as the charged acts is inextricably intertwined and provide context for the testimony of the named victims. Additionally this evidence is relevant pursuant to Rule 414 to corroborate the substantively testimonial evidence provided by the victims. These other acts provide evidence of the defendant's identity; establish the defendant had this opportunity while traveling in the Philippines; illustrate the defendant's plan to target minor boys; and reveal his knowledge the victims were minors. Therefore, this evidence is admissible pursuant to Rule 404(b).

Defendant is also charged with production of child pornography in violation of of 18 U.S.C. § 2251(c). To prove this charge, the United States must show Defendant employed, used persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct outside of the United States for the purpose of producing a visual depiction of such conduct, and subsequently transported such visual depiction into the United States. 18 U.S.C. § 2251(c). The United States seeks to admit images of child pornography under Rule 414 because they are relevant to Defendant's charged child pornography activity and indicative of his interest in child pornography depicting Asian boys posed to lasciviously display their genitals and/or anuses. Moreover, such images would also be admissible under Rule 404(b) to show Defendant's identity; plan to create images similar to those he possessed prior to his trip, as souvenirs of his conduct in the Philippines; knowledge the images he produced constituted child pornography and the intention to so produce; and absence of mistake regarding the ages of the victims depicted.

### 1. Evidence of Defendant's Commission of Child Molestation

Agent Yesensky interviewed four minor boys in addition to those named in Counts Three and Four, and all four reported engaging in  sex acts with Defendant. "A", the minor whose images were found on Defendant's camera at LAX, reported

he had known Defendant since approximately February of 2010 when they became internet friends. "A" also reported he met Defendant in person during Defendant's trip to Dipolog in January 27, 2011. "A" detailed daily sexual activity identical to the types of illicit sexual contact described by the charged victims. "A" also described group sex acts with Defendant and the minor referenced in Count Three, to include oral copulation and penile-anal contact. "A" identified himself in several of the images of child pornography found on the Defendant's camera.    "A" stated Defendant paid for all of A's daily expenses and continuously gave "A" money during the trip. "A" told Agent Yesensky that the defendant was aware he was 17 years of age.

The other boys Agent Yesensky interviewed reported the following very similar accounts:

i. 16 year old "B" met Defendant online in 2009. "B" told the Defendant his age prior to their first meeting in person. "B" also did webcam sessions with the Defendant for approximately 2000 pesos a session prior to Defendant's trip to the Philippines.  During these sessions, "B" would show Defendant parts of his body while Defendant masturbated.  "B" stated he had sexual contact with Defendant approximately three times during Defendant's trip to the Philippines to include oral copulation and group sex with other boys to include oral-penile copulation and oral-anal contact. "B" also identified himself in images of child pornography recovered from Defendant's electronics seized at LAX.

ii. 16 year olds "C" and "D" were not acquainted with Defendant prior to his trip to the Philippines.  They were interviewed independently and both stated they met Defendant through "B".  Defendant paid them both 100 pesos for group oral copulation. "C" reported that he told Defendant his age.  He was also able to identify himself in images of child pornography recovered from the Defendant's electronics seized at LAX.  "D" stated the Defendant knew he was a classmate of "C" and "B", but "D" did not tell Defendant his exact age.

## 2. Evidence of Defendant's Commission of Child Molestion is Inextricably Intertwined with the Charged Offenses

The Ninth Circuit has carved out two circumstances wherein other-act evidence is inextricably intertwined with the charged offense and therefore exempt from traditional other-acts analysis: (1) evidence that "constitutes a part of the transaction that serves as the basis for the criminal charge;" and (2) evidence that is necessary "in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1012-1013, (9th Cir. 1995). In the present case, the other acts have become such "simply because the defendant is indicted for less than all of his actions." *Id.* at 1012. Defendant committed largely the same acts against "A", "B", "C", and "D" as the named victims, including production of child pornography. This evidence is "part of a single criminal episode" wherein Defendant traveled to the Philippines and engaged in multiple instances of illicit sexual conduct with a minor, also known as child sex tourism. *Id. See also United States v. Cotterman,* 709 F.3d 952 (9th Cir. en banc, 2013)(characterizes travel to engage in illicit sexual conduct as child sex tourism.) It provides the full scope of Defendant's conduct and is therefore admissible.

## 3. Evidence of Defendant's Commission of Child Molestation is Admissible Pursuant to Rule 414.

Federal Rule of Evidence 414 governs the admissibility of other acts of child molestation in a criminal case wherein the defendant is charged with, *inter alia,* child pornography crimes or illicit sexual conduct with a minor. The rule defines the offense of child molestation to include "contact between any part of the defendant's body or an object and the genitals of anus of a child;...contact between the genitals or anus of the defendant and any party of the body of the a child; ...[and] a crime under Federal law...that involved... any conduct proscribed by chapter 110 of Title 18 U.S.C." Fed. R. Evid. 414(d). Chapter 110 includes among other crimes, violations of possession and production of child pornography under 18 U.S.C. § 2251. Such

evidence is admissible and "may be considered for its bearing on any matter to which it is relevant."   Fed. R. Evid. 414(a).   Unlike traditional 404(b) analysis, Rule 414 was enacted to corroborate testimony of victims because "child molestation cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration." 140 Cong. Rec. H8991-92 (August 21, 1994)).

These four additional boys are all able to identify Defendant by name, photograph, or both.  Additionally, the charged conduct and these other acts occurred within the same time period in the Philippines.  Therefore, this evidence corroborates the named victim's statements that the Defendant traveled to the Philippines and took advantage of multiple opportunities to engage in illicit sexual conduct with minor boys while there.  This evidence is also relevant to show Defendant's knowledge he was engaging in sexual conduct with minor children, and his absence of mistake regarding the victims' ages.   Testimony from "A" and "C" will demonstrate Defendant knew all of these boys were school age and likely minors.  Additionally, statements of the boys reveal Defendant knew all except for D were minors.  Finally, the similarities between the types of illicit sexual conduct Defendant engaged in with all six boys shows the his plan and modus operandi.  The number of boys Defendant interacted with in such a short period of time is strong evidence of Defendant's intention to plan a trip to the Philippines in order to engage in the sexual exploitation of as several young Filipino boys.   This is further strengthened by evidence Defendant engaged in sex acts with many of these minors simultaneously.  Defendant communicated with many of these boys for several months online and engaged in sexual conduct with them during webcam sessions.  Defendant paid them to engage in sexual conduct during Defendant's trip to the Philippines, and took pictures of many of them to memorialize his experience.  The boys Defendant engaged all reside in communities that are poverty-stricken and in need of financial assistance.  Defendant expressed intentions to provide long-term financial support several of these boys and their families.  Finally, Defendant told both charged victims and "B"

1    that although he had been diagnosed HIV positive, he had received treatment that
2    cured him, and there was no risk of transmission by oral copulation.  All of these
3    details are very specific to Defendant and provide relevant evidence of his distinct
4    modus operandi that will corroborate testimony to be provided by the victims
5    themselves.

6        4. Evidence of Defendant's Production and Possession Child Pornography is
7        Relevant and Admissible.

8        During his interview, "A" was shown redacted copies of images found on
9    Defendant's camera memory card and identified himself in several of the photos.  The
10   images are very similar to the type of images Defendant is charged with producing
11   in Count One.  They depict "A", a young, Asian man, nude and posed to clearly show
12   his penis and or anus.  The photos are taken by Defendant inside his hotel room.  "B"
13   also identified himself in similar photos found on Defendant's laptop.  "B" stated
14   Defendant directed him to pose nude, and Defendant took photos focusing on his
15   genitals and anus.  Lastly, "C" identified himself in a similar nude photo Defendant
16   took and stored on the Samsung memory card.  Although the Defendant does not
17   appear in any of these images, all three boys as well as the named victim in Count
18   Three stated Defendant took these images during his trip to the Philippines.  In
19   addition to images Defendant produced, he also possessed several similar images of
20   unidentified boys on his laptop computer.  The boys in these photos are also
21   underage, nude, and posed to lasciviously display their genitals and/or anus.

22       The images of "A", "B", "C", and other unidentified minors were found in
23   Defendant's possession on items he claimed ownership of.  The similarities between
24   the images charged in the indictment and the other acts images provide evidence of
25   the Defendant's specific interest in this particular type of child pornography.
26   Furthermore, they all provide compelling identity evidence because the named
27   victims, "A", "B", and "C" can all identify Defendant.

28       5. Probative Value of Rule 414 Evidence Outweighs Potential Prejudice

1    Relevant 414 evidence is still subject to a balancing test to determine whether
2    the probative value of other acts evidence admissible is substantially outweighed by
3    the danger of unfair prejudice to the defendant. Fed. R. Evid. 403. Because the rule
4    governing the relevance of other acts of child molestation is broad and can apply to
5    particularly compelling evidence, the Ninth Circuit has stressed the importance of this
6    analysis. In *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001), the Court
7    identified five factors: "(1)the similarity of the prior acts to the acts charged, (2)the
8    closeness in time of the prior acts to the acts charged, (3)the frequency of the prior
9    acts, (4)the presence or lack of intervening circumstances, and (5) the necessity of the
10   evidence beyond the testimonies offered at trial."

11   As described above, the proffered evidence of the sex acts is identical to the
12   charged conduct, and the images the United States seeks to introduce are exactly the
13   type of images Defendant is charged with producing. The sex acts occurred during
14   the same period Defendant was visiting the Philippines from January 22, 2011 to
15   February 11, 2011. During that relevant time period, Defendant engaged in illicit
16   sexual activity with either the named victims or the subjects of the other-acts evidence
17   on daily basis. It was also during that period, Defendant produced the images of boy
18   "A", "B", and "C". Finally, the evidence Defendant engaged in illicit sexual conduct
19   with minors is largely testimony from the victims themselves. It is the United States's
20   expectation Defendant will attack the credibility of these victims and rely on the lack
21   of medical or other physical evidence to corroborate their statements. The testimonial
22   evidence of boys "A", "B", "C", and "D", with the additional uncharged images the
23   Defendant produced and those he possessed are necessary to prove Defendant's
24   identity, opportunity, plan, knowledge, and absence of mistake. The additional image
25   is clearly relevant, and the heavy probative value is not substantially outweighed by
26   a danger of "unfair prejudice."

27   Unfair prejudice refers to "an undue tendency to suggest decision on an
28   improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid.

403 Advisory Committee's note.  "All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case." *LeMay*, at 1026.  In this case, the danger of unfair prejudice arising from this other acts evidence does not substantially outweigh its high probative value.  The stark similarities between the charged conduct and the other-acts evidence clearly show Defendant's modus operandi without the danger that the other-acts evidence may inflame the jury.  Also, any unfair prejudice that is caused by admission of other-acts evidence can be offset by a limiting instruction.  In *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001).

Finally, the United States intends to present the images of child pornography evidence in a manner appropriate to its sensitive nature.  To that end, the United States will: (1) suggest voir dire questions that advise the jury of the nature of the images; (2) seek to admit a small sample of suspected child pornography recovered from Defendant's computer media; and (3) provide for the court proposed jury instructions to appropriately limit the use of this evidence.

B. Defendant's Statements Regarding His Travel to Thailand is Admissible Pursuant to 404(b).

Federal Rule of Evidence 404(b) permits the admission of other-acts evidence as proof of, inter alia, "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," however, it excludes the admission of "other crimes, wrongs, or acts" to prove action in conformity therewith," Fed. R. Evid. 404(b).  The Ninth Circuit has continued to characterize Rule 404(b) as "a rule of inclusion- not exclusion- which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge." *United States v. Curtin,* 489 F.3d 935,944 (9th Cir. en banc 2007).  If established that the evidence offered serves one of these purposes,...the only conditions justifying the exclusion of the evidence are those detailed in Rule 403. *Id.*

In the current case, Defendant's statements that he traveled to Thailand and

could engage in sex acts with a boy 12 years or younger is very clear evidence of his intent during his travel to the Philippines. Like Thailand, the Philippines has seen a rise in child sex tourism, particularly among American adult males. The testimony detailing Defendant's statements is corroborated by documents confirming Defendant's frequent travel to Thailand.

C. Defendant's Flight is Admissible Other-Acts Evidence of Consciousness of Guilt.

Lastly, the United States seeks to admit evidence of Defendant's flight from the United States to Mexico. "Evidence of flight is generally admissible as evidence of consciousness of guilt and guilt itself." *United States v. Harris,* 792 F.2d 866, 869 (9th Cir. 1986). The Ninth Circuit has identified the following important factors from which inferences the Defendant's departure is an admission by conduct can be drawn: (1) defendant's behavior to flight; (2) consciousness of guilt; (3) consciousness of guilt concerning crime charged; and (4) actual guilt of crime charged. *United States v. Felix Gutierrez,* 940 F.2d 1200 (9th Cir. 1991). *See also United States v. Silverman,* 861 F.2d 571 (9th Cir. 1988). In the instant case, the Defendant was interviewed by FBI and CBP agents, whom he knew to be investigating him for commercial sex tourism and possession of child pornography. Approximately one month later, Defendant had vacated his residence, left his belongings in the care of his mother and others, and begun to establish himself in a Mexico town with a high tourist population largely composed of American Caucasian males. That, in conjunction with Defendant's sudden departure from the United States, immediate resignation from his tenured professorship at USC, and application for legal status in Mexico is all very strong evidence of his flight from the United States.

///

///

///

///

///

13

## IV.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court allow the United States to admit the above described other-acts evidence, namely Defendant's stated sexual interest in minor boys, commission of acts of child molestation, possession and production of images of child pornography, and evidence of Defendant's flight to Mexico.

DATED: February 3, 2014

Respectfully submitted,

ANDREW G. OOSTERBAAN
Chief
Child Exploitation & Obscenity Section
Criminal Division
U.S. Dept. Of Justice

HERBRINA D. SANDERS
RAVI SINHA
Trial Attorneys
Child Exploitation & Obscenity Section
Criminal Division
U.S. Dept. Of Justice

/s/
HERBRINA D. SANDERS
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

14

# **TABLE OF CONTENTS**

**PAGE(S)**

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Evidence of Defendant's Commission of Other Acts
         of Child Molestation is Relevant and Admissible. . . . . . . . . . . . . . . 5

         1. Evidence of Defendant's Commission
         of Child Molestation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         2. Evidence of Defendant's Commission
         of Child Molestion is Inextricably Intertwined
         with the Charged Offenses. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

         3. Evidence of Defendant's Commission
         of Child Molestation is Admissible
         Pursuant to Rule 414. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

         4. Evidence of Defendant's Production and
         Possession Child Pornography is Relevant
         and Admissible. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

         3. Probative Value of Rule 414 Evidence
         Outweighs Potential Prejudice . . . . . . . . . . . . . . . . . . . . . . . 10

1      B.     Defendant's Statements Regarding His Travel to

2             Thailand is Admissible Pursuant to 404(b). . . . . . . . . . . . . . . . . . . . . 12

4      C.     Defendant's Flight is Admissible Other-Acts Evidence of

5             Consciousness of Guilt. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

7  IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                 **PAGE(S)**

*United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1012-1013, (9th Cir. 1995). . . 8

*United States v. Cotterman,* 709 F.3d 952 (9th Cir. en banc, 2013). . . . . . . . . . . . .8

*United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001). . . . . . . . . . . . . . . . 11, 12

*United States v. Curtin,* 489 F.3d 935,944 (9th Cir. en banc 2007). . . . . . . . . . . 12

*United States v. Harris,* 792 F.2d 866, 869 (9th Cir. 1986). . . . . . . . . . . . . . . . 13

*United States v. Felix Gutierrez,* 940 F.2d 1200 (9th Cir. 1991). . . . . . . . . . . . . 13

*United States v. Silverman,* 861 F.2d 571 (9th Cir. 1988). . . . . . . . . . . . . . . . . 13

**FEDERAL STATUTES**

18 U.S.C. § 2246. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 2251(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,6, 8

18 U.S.C. § 2423(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

18 U.S.C. § 2423(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,5

**FEDERAL RULES OF EVIDENCE**

Fed. R. Evid. 403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

Fed. R. Evid. 404. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 9, 12

Fed. R. Evid. 414. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6, 8, 9, 10