1  EVAN A. JENNESS (SBN 136822)
2  2115 Main Street
   Santa Monica, California  90405
3  Telephone:   (310) 399-3259
   Facsimile:    (310) 392-9029
4  evan@jennesslaw.com

5  JEFFREY J. DOUGLAS (SBN 106922)
   A Professional Corporation
6  1717 Fourth Street, Third Floor
   Santa Monica, California  90401
7  Telephone:   (310) 576-3411
   Facsimile:    (310) 576-3408
8  jjdxxx1@gmail.com

9  Attorneys for Defendant
   WALTER WILLIAMS

10

11              UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14  UNITED STATES OF AMERICA,          )  CASE NO. CR 13-302-PSG
                                       )
15          Plaintiff,                 )  WALTER WILLIAMS'
                                       )  MEMORANDUM OF POINTS AND
16     vs.                             )  AUTHORITIES IN OPPOSITION TO
                                       )  THE UNITED STATES' FIRST
17                                     )  MOTION *IN LIMINE*
    WALTER LEE WILLIAMS,               )
18                                     )  Hearing Date:     March 18, 2014
          Defendant.                   )  Hearing Time:     9:00 am
19                                     )  Trial Date:       March 18, 2014
                                       )  Trial Time:       9:00 am
20  _____)  Place:            880-Roybal

21

22

23

24

25

26

27

28

1       Walter Williams, through counsel, hereby submits the accompanying

2   Memorandum of Points and Authorities in Opposition to the United States' First

3   Motion *In Limine*.

4   DATED:  February 7, 2014

                        Respectfully submitted,

                        LAW OFFICES OF EVAN A. JENNESS,

                        By:  _/s/ Evan A. Jenness_____
                              EVAN A. JENNESS

                        LAW OFFICE OF JEFFREY J. DOUGLAS,

                        By:  _/s/ Jeffrey J. Douglas_____
                              JEFFREY J. DOUGLAS

                              Attorneys for Walter Williams

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The government has charged Walter Williams with engaging in consensual sexual activities with sexually active teenagers while he traveled through the Republic of the Philippines between January 22 and February 11, 2011.  By this Motion, the government attempts prematurely to restrict the defense at trial with overly-broad and unnecessary orders.  Indeed, most of the rulings sought consist of orders to follow the Federal Rules of Evidence and/or Criminal Procedure.

## II.

## ARGUMENT

**A.   Motive of the Government**

Walter Williams expressed his upset, in his private emails while in custody, about apparently being targeted by the government based upon his scholarship, high profile in academia, and sexual orientation.  Based upon this gossamer, as well as media articles *not claimed to be authored by anyone associated with the defendant or the defense*, the government claims a basis for a preemptive order barring any criticism of the government in bringing this prosecution.

The requested ruling is entirely unnecessary, premature and over-broad.  The defense can be presumed to be both familiar and compliant with the Federal Rules of Evidence.  Should either the prosecution or the defense run afoul of the Rules of Evidence, the opposing party should raise an objection upon which the Court can rule, in the context of the current state of the proceedings at the time.

The prosecution undoubtedly seeks to insulate itself from any repercussions of the extraordinary and grotesquely exaggerated negative pretrial publicity orchestrated by the government in this case.  After campaigning for and then gaining the placement of Professor Williams as the 500th person placed on the F.B.I.'s so-called "Ten Most Wanted List," the government should have been prepared for Professor Williams to

1  feel unfairly singled out, and for it to be on the receiving end of criticism from

2  commentators unrelated to the defense.  That criticism cannot justify such a broad,

3  premature and unnecessary restriction on the defense.  Indeed, such an overbroad

4  order would impinge on Professor Williams' Sixth Amendment right to a fair trial.

5  **B.      Age of Consent**

6          With no proffered justification, the government prematurely seeks an

7  overbroad and unnecessary order barring the defense from discussing the age of

8  consent in the Republic of the Philippines.  With respect to the age of consent, the

9  only evidence proffered by the defense will be consistent with the factual evidence

10  regarding the charged activities.  Insofar as the *mens rea* of Professor Williams is at

11  issue, the purported ages of the complaining witnesses are relevant, as are the ages

12  that they represented themselves to be.  No restriction should be placed on eliciting

13  evidence of these matters.

14  **C.      Plea Negotiations**

15          The Court need not presume that either party will engage in misconduct or

16  violate Rule 410 of the Federal Rules of Evidence, and therefore no order is

17  necessary regarding this matter.  However, any order entered should be reciprocal.

18  **D.      Offers to Stipulate**

19          The Court need not presume that either party would violate Paragraph E(12)

20  of the Court's Criminal Motion and Trial Order, and therefore no (further) order is

21  necessary regarding this matter.  However, any order entered should be reciprocal.

22  **E.      Undisclosed Exhibits**

23          The Court need not presume that either party is unaware of, or does not intend

24  to follow, the Federal Rules of Criminal Procedure, specifically Rule 16(b)(2); or

25  Paragraph C of the Court's Criminal Motion and Trial Order.  Therefore, no further

26  order is necessary.  However, it should be noted that as of this date, the government

27  has not yet met its obligations under Rule 16 (*see* Defense Motion for Discovery

28  [Docket No.  35]).  In any event, any order entered should be reciprocal.

**F.1.    References to Potential Punishment**

The Court need not presume that either party will engage in misconduct or reference irrelevant evidence, and therefore no order is necessary regarding this matter.  However, any order entered should be reciprocal.

**F.2.    References to Defendant's Personal Background**

The prosecution apparently seeks to prevent the jury from knowing relevant information about Professor Williams, including his longstanding academic studies regarding the treatment of transgender and homosexual persons in other cultures, and the reasons for his travel to the Philippines.  With respect to Count 2 of the indictment, the prosecution must prove beyond a reasonable doubt that Professor Williams "traveled . . . to the Philippines, for the purpose of engaging in illicit sexual conduct."  Professor Williams' background is relevant to rebut this allegation, and thus cannot properly be excluded.  However, this is an issue appropriately adjudicated in the context in which it may arise at trial.  Any advance adjudication of the issue impinge on Professor Williams' Sixth Amendment right to a fair trial.

The defense has no objection to precluding both sides from introducing evidence of Professor Williams' age.

**G.    References to Defendant's Health**

The defense has also objected to the prosecution exploiting Professor Williams' health status. (*See* Motion *In Limine* to Preclude Items From Evidence Pursuant to Rules 402, 403 and 404(b), filed under seal), and has no objection to a reciprocal order.

**H.    Improper Character Evidence**

The Court need not presume that either party will engage in misconduct or violate Rule 404 of the Federal Rules of Evidence, and therefore no order is necessary regarding this matter.  However, any order entered should be reciprocal.

**I.      Administrative Discipline**

Notwithstanding the defense's request on November 25, 2013 for the production of *Henthorn* and other impeachment materials, the prosecution has yet to produce such materials in discovery.  *See* Motion for Discovery, Exh. A [Docket No. 35].  However, the Court need not presume that either party will engage in improper impeachment, and therefore no ruling is necessary regarding this matter.

**J.      Other Interests Evidence**

The Defense does not intend to offer any justification for possessing child pornography other than that for which the law allows.  Therefore no ruling is necessary regarding this matter.

**K.      Alleged Victims' Sexual Behavior Evidence**

The alleged victims have admitted histories of seeking out and engaging adults in sexually explicit communications over the Internet.  Some of this behavior may be relevant for impeachment, depending upon the substance of direct testimony.  For example, one of the victims identified in the indictment has confused Professor Williams with another foreigner when she incorrectly claimed that Professor Williams had visited the Republic of the Philippines twice.  In any case, should the defense seek to introduce such evidence, the defense will comply with the Federal Rules of Evidence, including, specifically, Rule 412(c).  Therefore no ruling is necessary regarding this matter.

**L.      Exculpatory Hearsay**

It is impossible for the defense to effectively respond to this overly-broad request outside of the context in which statements of the accused may be introduced into evidence. The defense will comply with the Federal Rules of Evidence and applicable law at trial. Therefore no ruling is necessary regarding this matter.

**M.      Lack of Criminal History**

It is impossible to assess in advance whether government witnesses will misstate Professor Williams' background, inaccurately implying that he has a

criminal history.  If this were to occur, his absence of criminal history would be very relevant and admissible. The defense will comply with the Federal Rules of Evidence and applicable law at trial. Therefore no ruling is necessary regarding this matter.

**N.     Admission and Display of Alleged Child Pornography**

The defense has no objection to excluding from public view any image which the Court has determined at an adversary hearing to be presumptive child pornography.  The vast majority of the images shown to the defense in discovery were not pornographic or child pornography, and the ages of most could not reasonably be determined to be minors. The government has not yet designated which images it intends to introduce at trial, despite requests by the defense. *See* Defense Motion for Bill of Particulars.  Once the government designates the images, stipulations likely can be reached regarding many or all the images, relieving the Court of the need to adjudicate this issue.

## III.

## CONCLUSION

For the reasons stated above, the motion should be denied.

DATED:  February 7, 2014

Respectfully submitted,

LAW OFFICES OF EVAN A. JENNESS,

By:   /s/ Evan A. Jenness
      EVAN A. JENNESS

LAW OFFICES OF JEFFREY J. DOUGLAS,

By:   /s/ Jeffrey J. Douglas
      JEFFREY J. DOUGLAS
      Attorneys for Walter Williams