1  EVAN A. JENNESS (SBN 136822)
2  2115 Main Street
   Santa Monica, California 90405
3  Telephone:  (310) 399-3259
   Facsimile:   (310) 392-9029
   evan@jennesslaw.com
4
5  JEFFREY J. DOUGLAS (SBN 106922)
   1717 4th Street, 3rd Floor
6  Santa Monica, California 90401
   Telephone:  (310) 576-3411
7  Facsimile:   (310) 576-3408
   jjdxxx1@gmail.com
8  Attorneys for Defendant
   WALTER WILLIAMS
9

10

11                UNITED STATES DISTRICT COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15  UNITED STATES OF AMERICA,        )  CASE NO. CR 13-302-PSG
                                     )
16              Plaintiff,           )  WALTER WILLIAMS'
                                     )  MEMORANDUM OF POINTS
17         v.                        )  AND AUTHORITIES IN
                                     )  OPPOSITION TO
18  WALTER LEE WILLIAMS,             )  GOVERNMENT'S MOTION *IN*
                                     )  *LIMINE* TO ADMIT OTHER ACT
19              Defendant.           )  EVIDENCE
                                     )
20                                   )  Hearing Date:    March 18, 2014
                                     )  Hearing Time:    10:00 a.m.
21                                   )  Trial Date:      March 18, 2014
                                     )  Trial Time:      9:00 a.m.
22  _____ )  Place:           880-Roybal

23

24      Walter Williams, through counsel, hereby submits the accompanying

25  memorandum of points and authorities in opposition to the Government's Motion *in*

26  *Limine* to Admit Other Act Evidence.  The alleged evidence sought to be presented at

27  trial by the prosecution would have the effect putting Professor Williams on trial for

28  alleged events that are not charged in the indictment, and expanding the scope of

proceedings well beyond the charged events.  Admitting evidence regarding four claimed victims not referenced in the indictment, and alleged pornographic pictures of them, also would violate Professor Williams' right to have a grand jury determine the conduct for which he is put on trial; and profoundly confuse jurors since the proffered matters exceed in scope and number the four counts and two victims identified in the indictment.  It also would compound the prejudice suffered by Professor Williams because the right of compulsory process does not extend to the evidence overseas necessary to refute the alleged evidence.  Additionally, evidence regarding Professor Williams' travels in Thailand is irrelevant to the charged offenses, and all events would be beyond the statute of limitations.  Finally, the prosecution's claims that Professor Williams "fled" the Untied States are unfounded, and evidence of his retirement in Mexico is irrelevant in any event.

Dated: February 7, 2014                    Respectfully submitted,


LAW OFFICES OF EVAN A. JENNESS


 /s/ Evan A. Jenness
EVAN A. JENNESS


JEFFREY J. DOUGLAS LAW OFFICES


 /s/ Jeffrey J. Douglas
JEFFREY J. DOUGLAS


Attorneys for Walter Williams

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The indictment in this case charges four substantive counts and a forfeiture claim.  The specified time period is discrete - January 22 through February 11, 2011 - and only two alleged victims are identified, JM and AC.  The government now seeks to dramatically expand the scope of the charges, and the length of trial proceedings, by introducing evidence of a broad array of uncharged acts involving four claimed victims who are not identified in the indictment.[1]  All such evidence is irrelevant to the charges and its admission would be unduly prejudicial.

The four individuals are teenagers alleged to have engaged in consensual sexual activities with Professor Williams in the Republic of the Philippines.  One evidently was 17 years old at the time, A (JO).  The other three, B (MM), C (AA) and D (DRR), evidently were 16 years old.  Engaging in sexual activities with 16- and 17-year-olds overseas *is not a violation of United States law* unless the prosecution could prove the conduct was a commercial sex act.  While the prosecution makes various claims suggesting a *quid pro quo*, the relevant facts are better explained by Professor Williams' kindness and generosity.  Thus if the Court were to consider admitting the four individuals' testimony, an evidentiary hearing should first be held to make a threshold determination of whether the alleged activities were even unlawful.

The elements of the charged offenses in the indictment are discrete.  The detailed claims set forth in the prosecution's four-page rendition of alleged facts are largely unrelated to any of those elements.  Indeed, the prosecution's story bears scant resemblance to the indictment.  The prosecution implicitly asks the Court to accept its claims on faith and rule that it may introduce at trial a broad array of alleged matters

---

[1]        The prosecution identifies them as A, B, C and D.  The defense also includes their initials for purposes of creating a clear record: A (JO), B (MM), C (AA) and D (DRR).

1   unrelated to the charged offenses.  The prosecution's claimed facts are an insufficient

2   foundation for the evidentiary rulings that it seeks, and thus the requested rulings

3   would be premature at this time.  However, assuming *arguendo* the facts were as the

4   prosecution claims, the proffered evidence is inadmissible given the charges set forth

5   in the indictment.

6           Admitting evidence of claimed sexual activities with four unnamed

7   individuals, and alleged pornographic pictures of them, would morph our trial from a

8   trial on the indictment to a trial on a vast array of uncharged conduct.  The

9   impropriety of allowing a trial to proceed as the prosecution requests is reflected in the

10  Ninth Circuit's statements in *United States v. Hodges*:

11          "[E]xtrinsic acts evidence 'is not looked upon with favor' and . . . its

12          use 'must be narrowly circumscribed and limited.'  A reluctance to

13          sanction the use of evidence of other crimes stems from the

14          underlying premise of our criminal justice system, that the defendant

15          must be tried for what he did, not for who he is.  Under our system, an

16          individual may be convicted only for the offense for which he is

17          charged and not for other unrelated criminal acts which he may have

18          committed.  Therefore, the guilt or innocence of the accused must be

19          established by evidence relevant to the particular offense being tried,

20          not by showing that the defendant has engaged in other acts of

21          wrongdoing."

22  *Id.*, 770 F.2d 1475, 1479 (9th Cir. 1985) (citations omitted).  These principles support

23  exclusion of the proffered alleged evidence.

24          The alleged evidence that Professor Williams engaged in sexual activities with

25  four unnamed individuals, and possessed pornographic images of them, also should be

26  excluded as unfairly prejudicial.  The impact on juries of uncharged allegations of

27  wrongdoing is well-recognized and cannot be overstated.  As one authority has

28  observed:

1    "Uncharged misconduct evidence `will usually sink the defense

2    without a trace.' . . .  Evidence of uncharged misconduct strips the

3    defendant of the presumption of innocence.  If the judge admits a

4    defendant's uncharged misconduct . . . the jury will probably use a

5    `different . . . calculus of probability' in deciding whether to convict.

6    The uncharged misconduct stigmatizes the defendant and predisposes

7    the jury to find him . . . guilty."

8    E. Imwinkelried, *Uncharged Misconduct Evidence*, § 1:02 at p. 4 (1995)

9    (summarizing research indicating that admitting uncharged misconduct evidence

10   significantly increases the likelihood of a guilty verdict).  Accordingly, even if the

11   proffered evidence were admissible, it should be excluded as unfairly prejudicial.  The

12   grand jury returned an indictment on discrete charges, and the evidence admitted at

13   trial should be limited to evidence that is material to those charges.

14                                    **II.**

15           **THE PROFFERED ALLEGED EVIDENCE IS INADMISSIBLE**

16   **A.      The Admission of Alleged Evidence Regarding Four Individuals Not**

17           **Named in The Indictment, And Images of Them, Would Impermissibly**

18           **Put Professor Williams On Trial For Uncharged Activities.**

19           **1.      Evidence Regarding the Four Individuals is Inadmissible**

20                   **Propensity Evidence and Would Be Unduly Prejudicial.**

21           As set forth in the defense's Motion *in Limine* to Preclude Items From

22   Evidence Pursuant to Rules 402, 403 and 404(b) [lodged February 3, 2014],

23   uncharged acts evidence is "not looked upon with favor" by our courts.  *United States*

24   *v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993); *accord United States v. Brown*, 327

25   F.3d 867, 870 (9th Cir. 2003) (noting the "disfavored nature of propensity evidence").

26   The only basis to introduce the uncharged alleged acts would be to show a propensity

27   to act in a fashion consistent with the charged acts.  This is precisely what Rule

28   404(b)(1) prohibits.  Accordingly, all evidence of alleged sexual activity with the four

                                        3

1  unnamed individuals should be excluded under Rule 404.

2       The Ninth Circuit's ruling in *United States v. Curtin* makes particularly clear

3  the impropriety of admitting alleged evidence of sexual activities with the unnamed

4  individuals.  *Id.*, 443 F.3d 1084 (9th Cir. 2006) (evidence of fantasy stories about

5  adult-child sex, obtained from defendant's handheld computing device, are

6  inadmissible in prosecution for interstate travel with intent to have sex with a minor,

7  and attempted sexual enticement of minor, under both Rule 404(b) and the theory that

8  the evidence is "inextricably intertwined" with the charged offenses).  As the Ninth

9  Circuit stated in *Curtin*, the test for admissibility of evidence under Rule 404(b) is:

10      "First, there must be sufficient evidence to support the jury's finding

11           that the defendant committed the other [act].  Second, the other [act]

12           must not be too remote [in time].  Third, when admitted to prove

13           intent, the prior act must be similar.  Finally, the prior act must be

14           introduced in order to prove a material element of the case."

15  *Id.*, at 1091 (internal quotation marks, citations omitted).  The prosecution's

16  arguments do not pass muster under this test.  First, the prosecution's rendition of

17  events does not constitute evidence, thus there presently is no evidence that would

18  support a inding that Professor Williams engaged in sexual activities with the

19  unnamed individuals.  Second, lawful sexual activities are not similar to unlawful

20  sexual activities with minors.  Third, any proof of sexual activity with unnamed

21  individuals does not tend to prove the charged sexual activity.

22       **2.     The Unnamed Individuals Are Not 'Inextricably Intertwined"**

23           **With The Charged Offenses.**

24       As noted, any sexual activities between Professor Williams and the four

25  individuals, A (JO), B (MM), C (AA) and D (DRR) would not be a violation of the

26  law unless the prosecution could first prove a commercial transaction.  Accordingly,

27  they are not inextricably intertwined with the charged criminal violations in the most

28  profound way.  They also are not inextricably intertwined in a fundamental factual

4

1  way: three of the unnamed individuals lived in a different city from the alleged

2  victims identified in the indictment, and do not claim to have had any contact with the

3  alleged victims identified in the indictment.  Accordingly, any proof of sexual activity

4  with the unnamed individuals is not inextricably intertwined with the events charged

5  in the indictment, and should be excluded.

6        With respect to alleged pornographic photographs of A (JO), B (MM) and C

7  (AA), the prosecution does not claim that they also depict the alleged victims

8  identified in the indictment, or even that they were taken in the same city.

9  Accordingly, no reasonable claim can be made that the alleged photographs are

10  inextricably intertwined with the events charged in the indictment.

11        **3.      Federal Rule of Evidence 414 Does Not Support Admission of**

12              **Evidence Regarding the Four Unnamed Individuals.**

13        An exception to the limitations of Rule 404(b) exists for "child molestation"

14  cases under Federal Rule of Evidence Rule 414(a) ("In a criminal case in which the

15  defendant is accused of an offense of child molestation, evidence of the defendant's

16  commission of another offense or offenses of child molestation is admissible, and may

17  be considered for its bearing on any matter to which it is relevant."). So, evidence that

18  a defendant molested a child in the past may be admitted if it makes it more likely that

19  he committed the charged act of child molestation.

20        Rule 414(a) does not apply here.  First, "For purposes of [Rule 414(a)] . . .

21  'offense of child molestation' means *a crime under Federal law or the law of a State*

22  . . . that involved . . . any conduct proscribed by chapter 110 of title 18, United

23  States Code." Fed. R. Evid. 414(d)(2) (emphasis added).  Professor Williams has

24  never been convicted of *any* crimes whatsoever.  Nor would the claimed acts even

25  constitute "child molestation" unless the prosecution could first prove that each was a

26  commercial act.

27        Second, evidence of prior "child molestation" by an accused person must have

28  a bearing on a relevant matter in order to be admitted at trial.  Alleged sexual activities

between the unnamed individuals and Professor Williams are irrelevant to the question of whether or not he engaged in sexual activities with JM and AC.

Third, even if the alleged evidence were admissible under Rule 414, it should be excluded under Rule 403's balancing test, which requires courts to consider the following: (1) how clearly the prior act has been proved; (2) how probative the evidence is of the material fact it is admitted to prove; (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence. *United States v. McHorse*, 179 F.3d 889, 898 (10th Cir. 1999). Each of these factors supports exclusion of the alleged evidence. There is no clear proof of the claimed activities with the unnamed individuals; alleged activities with the unnamed individuals are not probative of the charged wrongdoing; the defense disputes the allegations; and the government has at its disposal the alleged victims named in the indictment and thus can present their testimony regarding the charges.

**4.      Alleged Pornographic Images of the Unnamed individuals Are Inadmissible Because They Are Irrelevant to the Charged Offenses And Highly Prejudicial .**

As set forth in the defense's sealed Motion *in Limine* to Preclude Items From Evidence Pursuant to Rules 402, 403 and 404(b), as a general matter, uncharged acts evidence is "not looked upon with favor" by our courts. *Bradley*, 5 F.3d at; *accord Brown*, 327 F.3d at 870 (noting the "disfavored nature of propensity evidence"). The only basis to introduce uncharged images would be to show a propensity to take the image charged in Count 1 of the indictment. This is precisely what Rule 404(b)(1) prohibits. Accordingly, all evidence of uncharged images should be excluded under Rule 404.

If the Court were inclined to consider admission of any images of the unnamed individuals, the prosecution should first be required to identify the images, prove that they are images of the unnamed individuals and constitute child pornography, and prove that Professor Williams knowingly possessed them. None of

1   these things have been done at this point.  Nor has the prosecution made any showing

2   that the uncharged images it now seeks to introduce are actually the unnamed

3   individuals, as opposed to others, including young-looking adults.  *See Ashcroft v.*

4   *Free Speech Coalition*, 535 U.S. 234 (2002).  It also has not proven the images it

5   references were taken or seen by Professor Williams.  *See Merino-Balderrama*, 519

6   U.S. 172, 762-63 (9th Cir. 1998) (abuse of discretion to permit display of child

7   pornography images where government had not first proven that defendant had

8   viewed them, and defendant offered to stipulate they depicted child pornography).

9   These matters would appropriately be at issue if the grand jury had indicted Professor

10  Williams for possession of child pornography with respect to the four unnamed

11  individuals.  However, it did not do so.  Having declined to seek an indictment

12  regarding this matter, the prosecution should not now be permitted to skirt grand jury

13  proceedings and put Professor Williams on trial for uncharged alleged crimes.

14      **5.      Even if it Were Admissible Under Rule 404(b), the Alleged**

15              **Evidence Regarding the Unnamed Individuals Should be Excluded**

16              **as Unduly Prejudicial.**

17          Even if the proffered alleged evidence regarding sexual activities with the

18  unnamed individuals, and their images, were relevant, it should be excluded under

19  Federal Rule of Evidence 403 (relevant evidence "may be excluded if its probative

20  value is substantially outweighed by the danger of unfair prejudice") based on the

21  inflammatory nature of such evidence, the absence of any prior conviction,[2] the

22  potential for jury confusion, the deprivation of Professor Williams' right to have a

23  grand jury indict on the charges for which he will be put on trial, and the deprivation

24

25          [2]      A jury faced with such evidence may convict an accused because he "is a

26  bad man deserving of punishment," a "danger [that] is particularly great when 'the

27  extrinsic activity was not the subject of a conviction; the jury may feel that the

    defendant should be punished for that activity even if he is not guilty of the offense

28  charged'."  *Bradley*, 5 F.3d at 1321, *quoting United States v. Anderson*, 933 F.2d

    1261, 1272 (5th Cir 1991).

1  of Professor Williams compulsory process rights in this case given that the proffered

2  evidence is exclusively foreign.  This unusual combination of factors makes the

3  prejudice from any uncharged conduct evidence particularly great in this case.

4  **B.     Evidence Regarding Professor Williams' Alleged Sexual Conduct With**

5  **Unnamed Individuals Should be Excluded On Constitutional Grounds.**

6         The prosecution's motion should also be denied on two Constitutional

7  grounds.  First, putting him on trial for claimed violations regarding four alleged

8  victims not referenced in the indictment would violate his right to be indicted by a

9  grand jury.  Second, the introduction of any evidence regarding the four individuals

10 would compound the prejudice that he suffers because his right of compulsory process

11 does not extend overseas, thus denying him evidence necessary to refute the evidence.

12 *See* Walter Williams' Motion to Dismiss Based on Lack of Compulsory Process

13 And/Or Due Process, *Etc*. [Docket No. 36].

14 **C.     Professor Williams' Travels to Thailand Are Irrelevant to the**

15 **Government's Case, And Beyond the Statute of Limitations.**

16        As set forth in the defense's sealed Motion *in Limine* to Preclude Items From

17 Evidence Pursuant to Rules 402, 403 and 404(b), Professor Williams traveled

18 repeatedly for a number of years on sabbatical trips to countries in Southeast Asia

19 other than the Republic of the Philippines, conducting research and traveling.  These

20 travels, which included Thailand, all occurred more than five years prior to the

21 indictment, placing any illegal activity during such travels outside the statute of

22 limitations.  The prosecution should not be permitted to evade the limitations period

23 by, in effect, putting Professor Williams on trial for time-barred claims.  Moreover,

24 evidence regarding his old travels would be barred by Rule 404(b)(1) as uncharged

25 conduct introduced as propensity evidence, and therefore should be excluded.

26 **D.     Professor Williams' Arrest in Mexico is Not Evidence of "Flight."**

27        As set forth in the defense's sealed Motion *in Limine* to Preclude Items From

28 Evidence Pursuant to Rules 402, 403 and 404(b), Professor Williams was a lawful

8

resident of Mexico at the time of his arrest by United States authorities in June, 2013, *over two years after* agents' seizure of his computers and interrogation of him at LAX in February, 2011.  The prosecution claims that "*approximately one month*" after being questioned by law enforcement at LAX, Professor Williams "had vacated his residence."  Assuming, *arguendo*, that this were accurate, the lapse in time is too great to support any evidence of "flight" to show consciousness of guilt.  The probative value of flight necessarily decreases as the interval between the crime charged and alleged flight activity increases.  Not surprisingly, the prosecution cites no authority supporting the conclusion that moving a month after an encounter with law enforcement can be characterized as "flight."  Its argument also conspicuously omits *United States v. Dixon*, 201 F.3d 1223, 1232 (9th Cir. 2000), in which the Ninth Circuit recited relevant considerations enumerated by the prosecution and stated, "We also consider whether the defendant fled immediately after the crime."  Clearly such a showing could not be made in this case.  Finally, as noted by the Ninth Circuit in the Manual of Model Criminal Jury Instructions For The District Courts of the Ninth Circuit, Instruction 4.17 (Flight/Concealment of Identity), "evidence of flight can be consistent with innocense."  Accordingly, "caution is warranted."  *Id.*

Having recently suffered from an office break-in, and being of retirement age, moving to Mexico was entirely appropriate for Professor Williams, and not indicative of any consciousness of guilt.  Moreover, he retained his home in Palm Springs, conduct entirely inconsistent with any plan to flee the jurisdiction.  His arrest in Mexico, and all evidence of the circumstances of his arrest, are irrelevant to any elements of the charged offenses.  Introduction of such evidence could falsely suggest that he had fled the United States, thus prejudicing the jury, and even encouraging chauvinistic hostility towards persons residing outside the United States.  Accordingly, the evidence should be excluded pursuant to Rules 402 and 403.

//

//

9

# III.

## CONCLUSION

Having sought and obtained an indictment of Professor Williams regarding discrete alleged events and two named victims, the government should not be permitted to put Professor Williams on trial for a vastly broader array of events regarding triple the number of claimed victims.  As the Ninth Circuit has stated:

> "[T]he . . . guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

*Bradley*, 5 F.3d at 1320 (quotations omitted); *accord Brown*, 327 F.3d at 870 (reversing wire fraud conviction where prosecutor referred to uncharged wrongful acts evidence and improperly argued, "if a man is willing to cheat a little bit over here, wouldn't he be willing to cheat just a little bit over here").  Accordingly, the prosecution's motion should be denied.

Dated: February 7, 2014                     Respectfully submitted,

                                            LAW OFFICES OF EVAN A. JENNESS


                                             /s/ Evan A. Jenness
                                            EVAN A. JENNESS


                                            JEFFREY J. DOUGLAS LAW OFFICES


                                             /s/ Jeffrey J. Douglas
                                            JEFFREY J. DOUGLAS

                                            Attorneys for Walter Williams

10