ANDREW G. OOSTERBAAN
Chief, Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice

Ravi Sinha
  *ravi.sinha@usodj.gov*
Herbrina S. Sanders
  *herbrina.sanders@usdoj.gov*
1400 New York Avenue, NW, Suite 600
Washington, DC, 20005
Telephone: (202) 616-1951
Facsimile: (202) 514-1793

*Attorneys for Plaintiff,
United States of America*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WALTER LEE WILLIAMS,<br><br>　　　　Defendant. | CR No. 13-0302-PSG<br><br>UNITED STATES' NOTICE AND MOTION IN LIMINE TO ADMIT CERTAIN RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 803(6) AND 902(11) AND, WHERE APPLICABLE, 18 U.S.C. § 3505<br><br>Trial Date: March 18, 2014<br>Time:　　　9:00 AM<br>Place:　　　Courtroom of the<br>　　　　　　Hon. Philip S. Gutierrez |

　　　The United States respectfully moves this Court to find certain records admissible pretrial, in accordance with Federal Rules of Evidence 803(6) and 902(11) and, where applicable, 18 U.S.C. § 3505. The records that the United States seeks to admit are detailed in a list attached to the *Memorandum of Points and Authorities*, which is incorporated by reference in support of this notice and motion.

//

//

//

//

//

ANDREW G. OOSTERBAAN
Chief, Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice


/s/ Ravi Sinha
Ravi Sinha
  *ravi.sinha@usodj.gov*
Herbrina S. Sanders
  *herbrina.sanders@usdoj.gov*
1400 New York Avenue, NW, Suite 600
Washington, DC, 20005
Telephone: (202) 616-1951
Facsimile: (202) 514-1793

*Attorneys for Plaintiff,*
*United States of America*

## MEMORANDUM OF POINTS AND AUTHORITIES

Walter Lee Williams ("Defendant") is charged by Indictment with four counts: production of child pornography in violation of 18 U.S.C. §2251(c), travel with intent to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b), and two counts of traveling in foreign commerce and engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(c). In proving its case at trial, the United States intends to submit records of regularly conducted activity ("business records") in accordance with Federal Rules of Evidence 803(6) and 902(11) and, where applicable, 18 U.S.C. § 3505.

This motion seeks to obtain a pre-trial ruling from the Court regarding the admissibility of these records. Also, because a party intending to offer a record into evidence under either Rule 902(11) or 18 U.S.C. § 3505 must provide written notice of their intent to opposing parties, this motion provides formal notice of the United States' intent. *See* Fed. R. Evid. 902(11) ("Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.") *and* 18 U.S.C. § 3505(b) ("At the arraignment or as soon after the arraignment as practicable, a party intending to offer in evidence under this section a foreign record of regularly conducted activity shall provide written notice of that intention to each other party. A motion opposing admission in evidence of such record shall be made by the opposing party and determined by the court before trial. Failure by a party to file such motion before trial shall constitute a waiver of objection to such record or duplicate, but the court for cause shown may grant relief from the waiver."). A pre-trial ruling on the admissibility of these records would be in the interest of justice and would alleviate the need for multiple out-of-state witnesses to testify unnecessarily regarding the records' authenticity.[1]

---

[1] If the parties are able to reach a pre-trial agreement regarding the admissibility of these records, the United States will alert the Court.

Business records, such as those at issue here, may be admitted into evidence without a live witness if they are accompanied by a written declaration from a custodian of the records certifying that the records were made in accordance with the requirements of the Federal Rules of Evidence or, for foreign records, 18 U.S.C. § 3505 (collectively "Certifications").  *See* FED. R. EVID. 803(6), 902(11) and 18 U.S.C. § 3505.  Though Federal Rules of Evidence 803 and 902 are undoubtedly well known to this Court, admission of foreign evidence under 18 U.S.C. § 3505 may arise less often.  Section 3505 applies to foreign records and states, in pertinent part:

> In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that--
>     (A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;
>     (B) such record was kept in the course of a regularly conducted business activity;
>     (C) the business activity made such a record as a regular practice; and
>     (D) if such record is not the original, such record is a duplicate of the original;
>
> unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

The United States anticipates presenting Certifications for the business records, listed in Appendix A, that it will seek to have admitted into evidence.  Some of the Certifications have already been obtained and are attached as Exhibit 1.[2]

The use of Certifications does not raise any issues under *Crawford v. Washington*, 541 U.S. 36 (2004).  Indeed, the Ninth Circuit has recognized that

---

[2] The United States reserves the right to supplement both Appendix A and Exhibit 1 with additional records.

4

Certifications are nontestimonial matters and, thus, are not covered by *Crawford*. See *United States v. Hagege*, 437 F.3d 943, 958 (9th Cir. 2006), *cert denied* 549 U.S. 818 (2006); *Unites States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005).

Thus, this Court should act pretrial to recognize the admissibility of the business records listed in Appendix A.  Because each of the listed records will be accompanied by Certifications that meet the requirements of Rules 803(6) and 902(11) or, where applicable, 18 U.S.C. § 3505, their admission is proper.

ANDREW G. OOSTERBAAN
Chief, Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice

/s/ Ravi Sinha
Ravi Sinha
  *ravi.sinha@usodj.gov*
Herbrina S. Sanders
  *herbrina.sanders@usdoj.gov*
1400 New York Avenue, NW, Suite 600
Washington, DC, 20005
Telephone: (202) 616-1951
Facsimile: (202) 514-1793

*Attorneys for Plaintiff,*
*United States of America*