EVAN A. JENNESS (SBN 136822)
2115 Main Street
Santa Monica, California  90405
Telephone:  (310) 399-3259
Facsimile:   (310) 392-9029
evan@jennesslaw.com

JEFFREY J. DOUGLAS (SBN 106922)
A Professional Corporation
1717 Fourth Street, Third Floor
Santa Monica, California  90401
Telephone:  (310) 576-3411
Facsimile:   (310) 576-3408
jjdxxx1@gmail.com

Attorneys for Defendant
WALTER LEE WILLIAMS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WALTER LEE WILLIAMS,<br><br>　　　　Defendant. | CASE NO. CR-302-PSG<br><br>WALTER WILLIAMS' SUPPLEMENTAL MOTION TO DISMISS COUNTS 3 AND 4 BASED UPON PROSECUTION RELIANCE ON 18 U.S.C. § 2423(f)(2); MEMORANDUM OF POINTS & AUTHORITIES<br><br>Date Requested:　March 19, 2014<br>Time Requested:　9:00 a.m.<br>Trial Date:　　　March 19, 2014<br>Trial Time:　　　9:00 a.m.<br>Place:　　　　　880-Roybal |

Walter Williams, through counsel, hereby supplements the previously filed motion to dismiss Counts 3 and 4 of the Indictment [Docket No. 34]. By relying upon subsection (f)(2) (commercial sex act) of Title 18 U.S.C. § 2423, as argued before this Court in pleadings and during oral argument on March 3, 2014, the prosecution impermissibly relies upon facts not alleged in the Indictment nor supported by Grand Jury testimony. *See* Order Denying Defendant's Motion to Dismiss Counts 3 and 4 Without Prejudice [Docket No. 75].

DATED: March 5, 2014

Respectfully submitted,

LAW OFFICES OF EVAN A. JENNESS,

By:  /s/ Evan A. Jenness
     EVAN A. JENNESS, ESQ.

LAW OFFICE OF JEFFREY J. DOUGLAS,

By:  /s/ Jeffrey J. Douglas
     JEFFREY J. DOUGLAS, ESQ.

     Attorneys for Defendant, Walter Lee Williams

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The prosecution has charged Walter Williams in the Central District of California with consensual sexual conduct with sexually active teenagers while he travelled through the Republic of the Philippines between January 22 and February 11, 2011. Although the indictment was returned on April 30, 2013 and Professor Williams was arraigned on June 20, 2013, it was not until February 10, 2014, that the prosecution first stated its intention to rely upon Title 18 U.S.C. § 2423(f)(2) as the basis of alleging illicit sexual conduct in Counts 3 and 4 of the Indictment. *See* United States' Opposition to Defendant's Motion Counts 3 and 4 of the Indictment [Docket No. 51]. Since the Indictment does not allege, and the sole witness before the Grand Jury did not allege, a commercial sex act, as defined in subsection 2423(f)(2), Counts 3 and 4 must be dismissed.

## II.

## ARGUMENT

**THE GOVERNMENT ALLEGED, FOR THE FIRST TIME IN ITS OPPOSTION PLEADING, ITS INTENT TO RELY UPON A COMMERCIAL SEX ACT IN SUPPORT OF COUNTS 3 AND 4, WITHOUT SUPPORTING ALLEGATIONS IN THE INDICTMENT**

The offense charged in both Counts 3 and 4 of the Indictment is 18 U.S.C. § 2423(c). That subsection criminalizes "illicit sexual conduct," defined in subsection (f) as *either* any commercial sex act with a person under 18 years of age ((f)(2)) or "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States" ((f)(1)). 18 U.S.C. § 2246 defines "a sexual act" as:

"(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person…."

Title 18 U.S.C. § 2246 distinguishes "sexual act" from "sexual contact." "Sexual contact" involves sexual or offensive touching through clothing of a person of any age.

The Indictment makes no reference to a commercial sex act as the basis for alleging illicit sexual conduct. *See* Docket No. 1. This is consistent with the testimony of the sole witness before the grand jury. The testimony of FBI Special Agent Jeff Yesensky described allegations of sexual activity with the two alleged victims named in the Indictment (JM and VC) without any reference to the payment of any compensation. The only references to compensation in the Grand Jury testimony were in connection with Internet sex chat, all of which occurred prior to the international travel alleged in the Indictment.

At least in the Ninth Circuit, following the ruling in *United States v. Clark*, 435 F.3d 1100 (2006), if the government intended to rely upon any "commercial sex act," rather than a "sexual act" as defined in 18 U.S.C. 2246, it needed to allege so in the Indictment and offer supporting testimony before the Grand Jury. The *Clark*

opinion made clear that there was a constitutional distinction between allegations of commercial sex and non-commercial sex, as briefed in earlier pleadings.  *See* Williams Motion to Dismiss Counts 3 and 4 of the Indictment [Docket No. 34].

The law requiring specific factual allegations within the Indictment goes back well over a century:

> "It has long been recognized that there is an important corollary purpose to be served by the requirement that an indictment set out 'the specific offence, coming under the general description,' with which the defendant is charged. This purpose, as defined in *United States v. Cruikshank*, 92 U.S. 542, 558 [(1875)], is 'to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had.' Viewed in this context, the rule is designed not alone for the protection of the defendant, but for the benefit of the prosecution as well, by making it possible for courts called upon to pass on the validity of convictions under the statute to bring an enlightened judgment to that task." (*Russell v. United States*, 369 U.S. 749, 768-770 (1962), citations and parallel citations omitted.)

More recently, the Supreme Court reiterated that holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  There it distinguished between an element significant only as a sentencing factor and an actual element of the crime.

> "An indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime. Within limits, the question of which factors are which is normally a matter for Congress. We therefore look to the statute before us and ask what Congress intended. Did it intend the factor that the statute mentions, the prior aggravated felony conviction, to help define a separate crime?" (*Id*. at 228-229, citations omitted.)

The Fifth Circuit addressed a situation most closely aligned with this one in *United States v. Lopez*, 2 Fed.3d 1342 (1993). There the government defending a Commerce Clause challenge to the so-called "Gun-Free School Zones Act of 1990" argued that even if Congress failed to articulate a sufficient link to interstate commerce, there was a stipulation of testimony that the subject gun was manufactured outside Texas, the site of the offense. This was insufficient:

> "An indictment that fails to allege a commerce nexus, where such a nexus is a necessary element of the offense, is defective. This is true even though the language of [18 U.S.C.] section 922(q) [illegal to possess firearm in a 'school zone'] contains no such requirement. Finally, because an indictment, unlike a bill of information, cannot be amended, the failure to allege each element is fatal." (*Id*. at 1368, citations omitted.)

There is no possible analysis that can support subsections (f)(1) and (f)(2) being anything other than an element of the offense. Without such an allegation of illegal sexual conduct, there is no crime. The *Clark* Court explicitly limited its holding to the constitutionality of (f)(2). *Clark*, 435 F.3d at 1109-1110.) Since only a "commercial sex act" is definitively constitutional in the Ninth Circuit, if the prosecution intended to rely upon that theory, it was required to place supporting evidence before the Grand Jury and so allege in the Indictment. *Lopez*, 2 F.3d at 1368. It did neither.

//
//
//
//
//
//
//

## III.
## CONCLUSION

Counts 3 and 4 of the Indictment must be dismissed for failure to allege necessary facts and provide supporting evidence to the Grand Jury.

DATED: March 5, 2014

Respectfully submitted,

LAW OFFICES OF EVAN A. JENNESS,

By:  /s/ Evan A. Jenness
     EVAN A. JENNESS, ESQ.

LAW OFFICES OF JEFFREY J. DOUGLAS,

By:  /s/ Jeffrey J. Douglas
     JEFFREY J. DOUGLAS, ESQ.

Attorneys for Defendant, Walter Lee Williams