1  EVAN A. JENNESS (SBN 136822)
   2115 Main Street
2  Santa Monica, California 90405
   Telephone:  (310) 399-3259
3  Facsimile:  (310) 392-9029
   evan@jennesslaw.com
4
   JEFFREY J. DOUGLAS (SBN 106922)
5  1717 4th Street, 3rd Floor
   Santa Monica, California 90401
6  Telephone:  (310) 576-3411
   Facsimile:  (310) 576-3408
7  jjdxxx1@gmail.com

8  Attorneys for Defendant
   WALTER WILLIAMS
9

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13                          WESTERN DIVISION

14

| | |
|---|---|
| 15  UNITED STATES OF AMERICA, | CASE NO. CR 13-302-PSG |
| 16         Plaintiff, | REPLY MEMORANDUM IN SUPPORT OF WALTER WILLIAMS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY UNTIMELY DISCLOSED GOVERNMENT FORENSIC EXPERT; EXHIBIT [DOCKET NO. 74] |
| 17         v. | |
| 18  WALTER LEE WILLIAMS, | |
| 19         Defendant. | |
| 20 | |
| 21 | Motion Date:   March 10, 2014<br>Motion Time:   9:30 a.m. |
| 22 | Trial Date:    March 19, 2014<br>Trial Time:    9:00 a.m. |
| 23 | Place:         880-Roybal |

Walter Williams, through counsel, hereby submits the accompanying reply memorandum of points and authorities in support of his motion to preclude any testimony at trial by government forensic expert James Fottrell on the ground that the prosecution gave untimely notice of its intent to present Mr. Fottrell as a witness and *still* has not disclosed the substantive summary of expert testimony required by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.

Additionally, in a footnote to its opposition brief, the prosecution for the first time indicates its intent to call as a witness the forensic expert who created the forensic toolkit (or "FTK") reports based on computers and a camera seized from Professor Williams. This is the very first notice the defense has ever received that the prosecution intends to present this expert's testimony at trial. Accordingly, her testimony should also be precluded based on yet another clear Rule 16 violation.

For the reasons stated herein, and in the motion, the proffered experts' testimony should be precluded.

Dated: March 6, 2014        Respectfully submitted,

LAW OFFICES OF EVAN A. JENNESS

 /s/ Evan A. Jenness
EVAN A. JENNESS

JEFFREY J. DOUGLAS LAW OFFICES

 /s/ Jeffrey J. Douglas
JEFFREY J. DOUGLAS

Attorneys for Walter Williams

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## ARGUMENT

Th prosecution concedes - without explanation - that it did not give timely notice of its intent to call James Fottrell as an expert at trial in this case, or to provide the materials required by Rule 16 with respect to experts. It attempts to distract from this clear discovery violation by emphasizing that forensic evidence has been made available to defense counsel, and the supposedly routine nature of the testimony. Neither of these arguments excuse the discovery violations, and indeed no authorities are cited in support of the arguments. Nor are the discovery violations excused by the defense's ability to secure expert advice when confronted with what appear to be the prosecution's last-minute change in trial tactics. If anything, the defense expert's advice (a) highlighted the significance of the prosecution's violation by reinforcing the substantial time that would required to conduct the type of forensic examination needed to rebut the testimony evidently planned for Mr. Fottrell; and (b) made even more clear the importance of timely receiving the summary of expert testimony required by Rule 16.

Even more perplexing than the failure to give timely notice of Mr. Fottrell as an expert is the prosecution's latest disclosure that it plans to call as a witness the forensic expert who actually conducted the forensic analyses of seized computers about which it seeks to have Fottrell testify, Information Technology Specialist Forensic Examiner Stacy R. Holthus. This is the very first time the defense has been notified of this expert's planned testimony.

In a footnote to its March 6, 2014 opposition to the defense's motion, the prosecution first gives notice that it intends to call as a witness at trial the forensic expert who evidently created the forensic reports on which it intends to rely at trial - Stacy Eldridge, nee Holthus. *See* United States' Response in Opposition, *Etc*, p. 3 & n. 6 [Docket No. 87]. Evidently the forensic toolkit reports (or "FTK" reports) that

the prosecution seeks to have Fottrell testify about were "created by certified forensic examiner Stacy Eldridge from forensic images[] of Defendants's computers and electronic equipment." *Id.*, p. 3. The prosecution - for the very first time - states that forensic expert Eldridge will "testify regarding issues including chain of custody and her role in the creation of the FTK reports." *Id.*, at p. 3, note 4. This is *yet another* violation of Rule 16. The prosecution has never previously given notice of its intent to call Ms. Eldridge, and to this day her *curriculum vitae* has not been disclosed.

Nor has the prosecution produced any report by Ms. Eldridge . . . well, not until approximately 6:30 p.m. on Friday, March 7, 2014 - *after* filing its opposition brief regarding this motion, and apparently realizing its lapse. Attached as Exhibit A is a report by Ms. Eldridge that the prosecution produced for the very first time - *via email* (*see* Exh A). The report is dated August 24, 2011 - over 2 ½ years ago!

The prosecution is entirely unapologetic for its clear discovery violation. Its handling of discovery in this case - and expert discovery in particular - evinces what our Chief Judge, the Hon. Alex Kozinski recently decried: "There is an epidemic of *Brady* violations abroad in the land." *United States v. Olsen*, 737 F.3d 625, 626 (9th Cir. 2013) (dissenting from order denying pet. for reh'g *en banc*, joined by Judges Pregerson, Reinhardt, Thomas and Watford). As Judge Kozinski pointed out, "Only judges can put a stop to it." *Id.*

\\
\\
\\
\\
\\
\\
\\
\\
\\

4

## II.
## CONCLUSION

The prosecution's last-minute intent to introduce expert testimony appears to be little more than a change in tactics or strategy. Rule 16, and the defense's rights to fair notice, should not be vitiated in service of this cause.

For the reasons stated herein, testimony by government computer forensic experts James Fottrell and Stacy Eldridge should be precluded at trial.

Dated: March 6, 2014                Respectfully submitted,

                                            LAW OFFICES OF EVAN A. JENNESS

                                              /s/ Evan A. Jenness
                                            EVAN A. JENNESS

                                            JEFFREY J. DOUGLAS LAW OFFICES

                                              /s/ Jeffrey J. Douglas
                                            JEFFREY J. DOUGLAS

                                            Attorneys for Walter Williams

**EXHIBIT A**

# Evan Jenness

| | |
|---|---|
| **From:** | Coppage, Julianna [Julianna.Coppage@usdoj.gov] |
| **Sent:** | Friday, March 07, 2014 6:31 PM |
| **To:** | evan@jennesslaw.com |
| **Cc:** | Sinha, Ravi; Sanders, Herbrina |
| **Subject:** | Part 3 |
| **Attachments:** | Cart Request Summary QLA1 QLA2 & QLA3.pdf; Report of Examination QLA1 QLA2 & QLA3.pdf; CART NOTES QLA1 QLA2  QLA3 reduced size.pdf |

Part 3

18-1 (Rev. 2-15-2011)



Federal Bureau of Investigation
Los Angeles CART

11000 Wilshire Blvd
Suite 1700
Los Angeles, CA 90024

## REPORT OF EXAMINATION

To: Los Angeles
SA Jeffrey A. Yesensky

Date: August 24, 2011

Case ID No.: 31F-LA-256627-CART

Lab No.: SUID 96261

Reference: Communication dated May 19, 2011

Ref. No.: N/A

Title: WILLIAMS, WALTER, LEE
ARLINGTON, RICHARD
WALTER LEE WILLIAMS

Date specimen received: February 11, 2011

Specimens:

1. QLA1: One (1) Compaq Presario Laptop, Model CQ42-305AU, S/N CNF04108GH. 1B1.
2. QLA1_1: One (1) 320 GB Samsung 2.5" SATA hard drive (HDD), Model HM321H1, S/N S25WJ9GZ800539.
3. QLA2: One (1) HP Laptop, Model 6735b, S/N CNU8415XV7. Screen does not work. 1B2.
4. QLA2_1: One (1) 120 GB Hitachi Travelstar 5K320 2.5" SATA HDD, Model HTS543212L9A300, S/N 081004FB0B00LGCM359A.
5. QLA3: One (1) Samsung SL 120 Digital Camera (with internal memory), S/N A1V3C90SB04840A. 1B3.
6. QLA3_1: One (1) 4 GB SanDisk Micro SD Card inside of SanDisk SD Card Adapter.

Request:

On May 19, 2011, Case Agent, Special Agent (SA) Jeffrey A. Yesensky requested the above listed items be staged for Case Agent Investigative Review. Following the completion of the review SA Yesensky requested the following items be located:

Page 1 of 5

For Official Use Only

31F-1A-ZCLL27-CART 3

005338

1. EXIF Data for bookmarked Images
2. Chat Activity for Skype
3. Chat Activity for Yahoo Messenger
4. Skype Settings
5. Firefox Browser History
6. Evidence of Webcam or QLA3 was connected to QLA1 or QLA2

Opinions and Conclusions:
N/A

Summary of Examination:
Data contained in submitted specimens was examined in accordance with SA Yesensky's request. Findings include the following:
1. QLA1 through QLA3 were staged for review
2. SA Yesensky conducted review
3. Files were bookmarked
4. The review process was concluded
5. QLA1 through QLA3 were responsive to the search warrant
6. EXIF Data was located for bookmarked Images
7. Additional Chat Activity for Skype was not located; however logs were located
8. Additional Chat Activity for Yahoo Messenger was not located; however logs were located
9. Skype Settings were located
10. Firefox Browser History was located
11. Google Chrome Browser History was located
12. Evidence of Webcam or QLA3 being connected to QLA1 or QLA2 was located
13. Final Results were created

Details of Examination:
Included herein are the results of a digital forensic examination performed by the Federal Bureau of Investigation Computer Analysis and Response Team (CART) Information Technology Specialist Forensic Examiner (ITSFE) Stacy R. Holthus; unless otherwise stated. This examination has been performed by an examiner trained in CART policies and procedures.

The following processes were performed during the examination of QLA1, QLA2 (encrypted), QLA3:
1. Physical Exam of evidence
2. Prepared forensically clean media for images
3. Write protected original evidence
4. Created forensic images and saved to storage area network (SAN) volume
5. Data integrity verification of images on SAN

31F-LA-256627-CART
SUID 96261
Page 2 of 5

For Official Use Only

005339

6. Created file directory listings
7. Compared files against known hash sets
8. Searched digital media (cataloged files)
9. Deleted file recovery
10. Residue extraction
11. Data Carving for AOL Bag, BMP, EMF, GIF, JPEG, PNG, RealPalyer Video, Microsoft Windows Media, Flash Video, MPEG Video, MPEG-4 Video, Quicktime, RealMedia Streaming Media, and M4A/M4V
12. Registry file(s) extraction
13. Staged QLA1, QLA2 (encrypted), and QLA3 for review
14. As QLA2 was not decrypted and it was processed as an unrecognized file system and it cannot be examined
15. Case Agent bookmarked files from QLA1 and QLA3
16. The review process was concluded
17. Bookmarked EXIF data files for all bookmarked pictures as "EXIF DATA"
18. Searched for Skype log files and bookmarked as "Skype"
19. Searched for Yahoo log files and bookmarked as "Yahoo"
20. Searched for Firefox Internet history and bookmarked as "Internet History – Firefox"
21. Searched for Google Chrome Internet history and bookmarked as "Internet History – Google Chrome"
22. Bookmarked link files to possible child pornography files as "Link Files"
23. Bookmarked link file to removable media as "Link Files – Removable Media"
24. Attached Camera USB Info to bookmark "Camera USB Info"
25. Exported bookmarked files and saved to \Filtered Items\BookmarkName
26. Created final results and saved to DELA1
27. Saved forensic images of QLA1 and QLA3 to tape creating DELA2
28. Verified forensic images of QLA1 and QLA3 on DELA2
29. Archived forensic case
30. Created DWP

The following processes were performed during the examination of QLA2_decrypted:
1. Requested Case Agent obtain decryption key
2. Case Agent provided decryption key
3. Prepared forensically clean media for images
4. Restored encrypted image of QLA2 to forensically clean staging HDD
5. Write protected staging HDD
6. Decrypted QLA2
7. Created forensic image of QLA2 decrypted and saved to SAN volume
8. Data integrity verification of images on SAN
9. Created file directory listings
10. Compared files against known hash sets
11. Searched digital media (cataloged files)

31F-LA-256627-CART
SUID 96261
Page 3 of 5

For Official Use Only

005340

12. Deleted file recovery
13. Residue extraction
14. Data Carving for AOL Bag, BMP, EMF, GIF, JPEG, and PNG
15. Registry file(s) extraction
16. Staged QLA2_decrypted for review
17. Case Agent bookmarked files from QLA2_decrypted
18. The review process was concluded
19. Bookmarked EXIF data files for all bookmarked pictures as "EXIF DATA"
20. Searched for Skype log files and no additional files were located
21. Searched for Yahoo log files and bookmarked as "Yahoo Messenger"
22. Searched for Firefox Internet history and bookmarked as "Internet History – Firefox"
23. Examined SAM, System, and NTUser.dat registry files and generated reports
24. Exported bookmarked files and saved to \Filtered Items\BookmarkName
25. Created final results and saved to DELA1
26. Saved forensic image of QLA2_decrypted to tape creating DELA2
27. Verified forensic image of QLA2_decrypted on DELA2
28. Archived forensic case
29. Created DWP

The following items were generated during the examination process:
1. DELA1 - CASE AGENT COPY: ONE (1) DVD CONTAINING FINAL RESULTS AND EXPORTED FILES FROM QLA1 (COMPAQ LAPTOP, MODEL CQ42-305AU, S/N CNF04108GH FROM 1B1), QLA2 (HP LAPTOP, MODEL 6735B, S/N CNU8415XV7 FROM 1B2), AND QLA3 (SAMSUNG SL120 DIGITAL CAMERA, S/N A1V3C90SB04840A FROM 1B3). 1B7.
2. DELA1 - CART COPY: ONE (1) DVD CONTAINING FINAL RESULTS AND EXPORTED FILES FROM QLA1 (COMPAQ LAPTOP, MODEL CQ42-305AU, S/N CNF04108GH FROM 1B1), QLA2 (HP LAPTOP, MODEL 6735B, S/N CNU8415XV7 FROM 1B2), AND QLA3 (SAMSUNG SL120 DIGITAL CAMERA, S/N A1V3C90SB04840A FROM 1B3). 1B8.
3. DELA2: ONE (1) ULTRIUM TAPE CONTAINING FORENSIC IMAGES OF QLA1 (COMPAQ LAPTOP, MODEL CQ42-305AU, S/N CNF04108GH FROM 1B1), QLA2 (HP LAPTOP, MODEL 6735B, S/N CNU8415XV7 FROM 1B2) AND AND QLA3 (SAMSUNG SL120 DIGITAL CAMERA, S/N A1V3C90SB04840A FROM 1B3). CART USE ONLY. 1B9.
4. DWP: ONE (1) DVD CONTAINING DWP OF SUID 96261 - EXAM OF QLA1 TO QLA3. CART USE ONLY. 1B10.

Disposition of Evidence:
- QLA1 through QLA3 were returned to SA Yesensky
- DELA1 Case Agent Copy was released to SA Yesensky

31F-LA-256627-CART
SUID 96261
Page 4 of 5

For Official Use Only

005341

- DELA1 CART Copy, DELA2, and DWP were submitted to evidence control
- All notes and administrative documents were submitted to the case file

Examiner: _____
Stacy R Holthus

Los Angeles
Computer Analysis Response Team