EVAN A. JENNESS (SBN 136822)
2115 Main Street
Santa Monica, California 90405
Telephone:  (310) 399-3259
Facsimile:   (310) 392-9029
evan@jennesslaw.com

JEFFREY J. DOUGLAS (SBN 106922)
1717 4th Street, 3rd Floor
Santa Monica, California 90401
Telephone:  (310) 576-3411
Facsimile:   (310) 576-3408
jjdxxx1@gmail.com

Attorneys for Defendant
WALTER WILLIAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALTER LEE WILLIAMS,<br><br>　　　　　Defendant. | CASE NO. CR 13-302-PSG<br><br>WALTER LEE WILLIAMS' OPPOSITION TO CERTAIN OF GOVERNMENT'S PROPOSED *VOIR DIRE* QUESTIONS [DOCKET NO. 92]; EXHIBIT<br><br>Trial Date:　March 19, 2014<br>Trial Time:　9:00 a.m.<br>Place:　　　880-Roybal |

Walter Williams, through counsel, objects to various of the prosecution's proposed *voir dire* questions set forth in the Government's Proposed *Voir Dire* [Docket No. 92].

As an alternative to the prosecution's questions, the defense requests that the Court include in its *voir dire* of potential jurors the questions submitted by the defense on February 1, 2014 in Walter Lee Williams' Proposed *Voir Dire* Questions [Docket No. 37], which the prosecution has not opposed.

Dated: March 6, 2014    Respectfully submitted,

LAW OFFICES OF EVAN A. JENNESS

 /s/ Evan A. Jenness
EVAN A. JENNESS

JEFFREY J. DOUGLAS LAW OFFICES

 /s/ Jeffrey J. Douglas
JEFFREY J. DOUGLAS

Attorneys for Walter Williams

# I.
# CERTAIN OF THE PROSECUTION'S PROPOSED *VOIR DIRE* QUESTIONS ARE INAPPROPRIATE

"The Sixth Amendment guarantees criminal defendants a verdict by impartial, indifferent jurors." *Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir. 1998) (*en banc*). The purpose of *voir dire* is not to educate jurors but to protect the accused's right to trial by a fair and impartial jury, and to enable the selection of an impartial panel. Accordingly, *voir dire* questions should test the capacity and competency of the jurors without intentionally or unintentionally planting prejudicial matter in their minds.

The defense objects to a number of the prosecution's proposed *voir dire* questions because they run afoul of these precepts. Some appear intended to indoctrinate panelists regarding the prosecution's viewpoints and arguments. Others appear immaterial and/or unnecessarily intrusive, something that is unnecessary since a jury questionnaire is being used in this case. Others will already be subsumed by general questions inquiring of jurors' willingness to serve as fair and impartial jurors in the case; and/or are duplicative of the Parties' Joint Proposed Jury Questionnaire [Docket No. 78].

For ease of reference, attached as Exhibit A is a copy of the prosecution's proposed *voir dire* that is marked to indicate those questions that the defense opposes.

The Court, of course, has wide latitude regarding *voir dire* questioning, including determining the propriety and materiality of questions. However, the defense respectfully requests that the Court include in its *voir dire* the questions submitted by the defense on February 1, 2014, in Walter Lee Williams' Proposed Voir Dire Questions [Docket No. 37], which the prosecution has not opposed.

## II.

## CONCLUSION

For the reasons stated herein, the defense requests that the Court decline the prosecution's proposed *voir dire* questions noted in Exhibit A, and utilize the questions previously proposed by the defense.

Dated: March 6, 2014                     Respectfully submitted,

                                         LAW OFFICES OF EVAN A. JENNESS


                                          /s/ Evan A. Jenness
                                         EVAN A. JENNESS


                                         JEFFREY J. DOUGLAS LAW OFFICES


                                          /s/ Jeffrey J. Douglas
                                         JEFFREY J. DOUGLAS

                                         Attorneys for Walter Williams

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

1  ANDREW G. OOSTERBAAN
   Chief, Child Exploitation & Obscenity Section
2  Criminal Division, U.S. Department of Justice

3  HERBRINA D. SANDERS
   RAVI SINHA
4  Trial Attorneys
      1400 New York Avenue, Suite 600
5     Washington, D.C. 20005
      Telephone: (202) 616-1951
6     Facsimile: (202) 514-1793
      E-mail: herbrina.sanders@usdoj.gov
7            ravi.sinha@usdoj.gov

8  *Attorneys for Plaintiff*
   *United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 13-0302-PSG |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S PROPOSED VOIR DIRE |
| v. | ) | |
| WALTER LEE WILLIAMS, | ) | Trial Date: March 19, 2014 |
| Defendant. | ) | Trial Time: 9:00am |
| | ) | Place: Roybal - 880 |
| | ) | Courtroom of the Honorable |
| | ) | Philip S. Gutierrez |

The United States hereby submits the following proposed voir dire for the jury:

**PART I - General Voir Dire**

I. BACKGROUND QUESTIONS

 a. **Knowledge of parties, attorneys, other panel members [Court introduces defendant, counsel, and case agent, or directs counsel to do so]**

  i. Does any member of the panel know ~~the defendant?~~ Walter Williams

  ii. Does any member of the panel know either of the attorneys for ~~the defendant?~~ WALTER WILLIAMS

  iii. Does any member of the panel know either of the attorneys for the United States of America?

1

iv. Does any member of the panel know the following potential witnesses:

(PARTIES TO SUPPLY COURT WITH LIST)

v. Do any members of the panel know each other?

vi. Does any member of the panel know me or any of my staff present in the courtroom?

vii. Has any member of the panel ever been represented by, or have close friends or relatives who know or have been represented by, either of the government attorneys?

viii. Has any member of the panel ever been represented by, or have close friends or relatives who know or have been represented by, either of the defense attorneys or any member of the defense attorneys' staff present in the courtroom?

**b. Law enforcement**

i. Have you ever received any training in law or law enforcement (police work of any kind)?

If you answered "yes," please describe the nature of your training and length of the training.

ii. Has any member of the panel, or relative or close friend, ever been employed by any federal, state, local or private law enforcement agency, such as a police department, a sheriff's office, a private security company, or a penitentiary or other custodial facility?

(1) If so, in what capacity did you, your relative, or close friend serve?

(2) If a relative or close friend is or was so employed, do you or did you often discuss their work with them?

iii. Does any member of the panel, or a relative or close friend, belong to any organization which is connected or related in any way to law enforcement, police departments or police officers?

iv. Do you belong to or associate with any groups which have crime prevention or law enforcement as a primary goal?

**c. Government**

Has any member of the panel, or any member of your immediate family, been employed by the United States government?

1   **d. Previous jury service**
2       i. Has any member of the panel previously served as a juror?
3           (1) Federal Court:
4               (a) Civil Case
5               (b) Criminal Case
6           (2) State Court:
7               (a) Civil Case
8               (b) Criminal Case
9       ii. Out of those who have served on criminal cases state or federal, and without revealing
10  the result, were you able to reach a verdict in the case?
11      iii. Did anything happen during your prior jury service that would prevent you from
12  serving as a fair and impartial juror in this case?
13      iv. Has any member of the panel ever served as a member of a Grand Jury?
14  **e. Previous experience as a party to litigation**
15      i. Has any member of the panel ever been a party to a lawsuit which resulted in a trial?
16      ii. If so:
17          (1) Were you a plaintiff or a defendant?
18          (2) What was the nature of the litigation?
19          (3) Do you believe that you and/or the party with whom you were associated in
20  the litigation were treated fairly or unfairly by the legal system?
21  **f. Dealings with the government**
22      ~~i. Have you, or any of your relatives or close friends, ever had any unfavorable dealings or
23  involvement- for example, disputes, lawsuits, audits, etc. - with the United States Government,
24  not limited to the IRS, the FBI or the Department of Justice, including any United States
25  Attorney's Office?~~
26      ii. Does any member of the panel for any reason have such strong negative feelings
27  against the federal government [people charged with committing crimes] that it may affect your ability to be a fair and impartial juror in
28  this case?

✓ [checkmark marking line 21-22]

3

1  **g. Legal training and experience**

2  i. Does any member of the panel have any training in law? If so:

3  (1) Are you a practicing attorney?

4  (a) What was/is your area of practice?

5  (b) Has your practice ever involved criminal law:

6  (i) as a prosecutor? If so, where and when?

7  (ii) as a defense attorney? If so, please describe the nature of

8  your criminal defense practice.

9  ii. Is any member of the panel a current or previous member of any criminal defense or

10  prosecution-oriented organization? If so, please elaborate.

11  iii. If you have ever practiced criminal law, or presently practice criminal law, either as a

12  prosecutor or defense attorney, would that experience prevent you from being a fair and impartial

13  juror in this case?

14  iv. Are any members of your family or close friends attorneys that practice criminal law [as defense or prosecutors]

15  and discuss their cases with you?

16  **h. Involvement in the criminal justice system**

17  i. Have you, or has any member of your family or any close friend, ever been the victim

18  of a crime or participated in a criminal case as a complainant, witness for the government, or in

19  some other capacity? If yes, please explain.

20  ii. Have you, or has any member of your family, or any close friend, been arrested or the

21  subject of a criminal investigation, or participated in a criminal case as a defendant, witness for

22  the defense, or in some other capacity? If yes, please explain.

23  II. <u>IMPAIRMENT AND BIAS QUESTIONS</u>

24  i. Does any member of the panel have any diagnosed or undiagnosed physical or mental

25  impairments which might prevent you from seeing or reading exhibits introduced in evidence,

26  from hearing the testimony that will come from the witness chair, or otherwise interfere with

27  your duties as a fair and impartial juror?

28  ii. Does any member of the panel have any diagnosed or undiagnosed physical or mental

4

1  impairments which might affect your attention of ability to concentrate, understand, consider and
2  weigh the evidence in this case?
3         iii. Does any member of the panel have any diagnosed or undiagnosed physical or mental
4  impairments which might affect your ability to focus or physically sit through a trial?
5         iv. Is any member of the panel now taking any medication that affects your ability to
6  focus or physically sit through a trial?
7              (1) What type of medication?
8              (2) Could this medication in any way affect your attention or your ability to
9  concentrate, understand, consider and weigh the evidence in this case?
10         v. Does any member of the panel have any beliefs, whether moral, political, religious,
11  philosophical or otherwise, that would prevent you from being a fair and impartial juror in this
12  case?
13  ✓ ~~That would make it difficult for you to sit in judgment of your fellow man?~~
14         vi. Does any member of the panel feel that the criminal justice system treats those
15  accused of a crime too harshly?
16         Too leniently?
17         vii. To admit to having some sympathy for either ~~the defendant~~ [WALTER WILLIAMS] or the United States in
18  this case is nothing to be ashamed of and does not reflect badly upon you as a person. However,
19  both the United States and ~~the defendant~~ [WALTER WILLIAMS] are entitled to have this case heard by a fair and
20  impartial jury that will decide the case solely according to the evidence admitted in this Court,
21  according to the Court's instructions on the law, and without regard to any bias, sympathy,
22  prejudice or public opinion for either party.  With this in mind, do any of you know any reason
23  why you would be unable to give either the United States or ~~the defendant~~ [WALTER WILLIAMS] a fair trial based solely
24  on the evidence admitted at trial and the instructions given by the Court without regard to
25  sympathy, bias or prejudice?
26                    **PART II  -  Case Specific Voir Dire**
27  ✓ ~~In this case, the government alleges that the defendant, Walter Williams, a former~~
28  ~~anthropology,~~ history, and gender-studies professor at the University of Southern California, ~~who~~

5

1  is also homosexual, traveled to the Republic of the Philippines for the purpose of having sexual
2  contact with minors. The government alleges that the defendant, while in the Philippines,
3  engaged in said sexual contact with two minors who may self identify as being homosexual or
4  transgender. These minors were 13 and 14 years old at the time. It is also alleged that while in
5  the Philippines, the defendant produced child pornography and brought it back into the United
6  States. The Indictment is not evidence, and it is the government's burden to prove its case
7  beyond a reasonable doubt.
8      i. Do you know anything at all about the facts of this case?
9      ii. Have you heard anything about this case since you arrived at the courthouse?
10     iii. Does your job entail working with computers? This includes programming, tech
11 support and software sales.
12         (1) If so, please describe the nature of your work with computers.
13         (2) What percentage of your work involves computer use?
14     iv. Has any member of the panel used the Internet to meet people?
15     v. Has any member of the panel ever participated in an webchat or webcam session?
16     vi. Has any member developed a friendship or relationship based on contact with
17 someone you have met or corresponded with on the Internet or in a chatroom?
18         If so, did any of those relationships lead to an in-person friendship or relationship
19 with someone you met on the Internet?
20     vii. Care givers or members of the panel with children: Do you let your child use the
21 Internet?
22         (1) What degree of supervision do you provide?
23         (2) Have you ever found one of your children talking to strangers online?
24     viii. Some people are of the mistaken belief that producing, possessing, or transporting
25 child pornography is an activity that is protected by the Free Speech Clause of the First
26 Amendment to our Constitution, or may otherwise be Constitutionally protected activity. I tell
27 you that - as a matter of law - this is not the case. Congress has passed laws that make it a
28 criminal offense to produce, transport, and possess child pornography, and such activity is not

1  ~~protected by the First Amendment or by any other Constitutional right.~~

2  ~~ix. Do~~ you believe that such activity should be protected by the First Amendment ~~to the~~

3  United States Constitution as free ~~speech,~~ or by any other provision ~~of the~~ Constitution? ✓

4  x. Would you have any difficulty ~~abiding by my instruction to~~ you that such activity is not

5  - as a matter of law - ~~protected~~ by the First Amendment to the United States Constitution ~~or by~~

6  ~~any other~~ provision of the Constitution?

7  xi. Does any member of the panel belong to any group that ~~advocates~~ or condones sexual

   (people)                                                    (condemns)

8  relations between adults and ~~children~~ under 18 years of age?

9  ~~xii.~~ Does any member of the panel have any disagreement with laws that ~~prohibit~~ ✓

10 consensual sexual relations ~~between~~ adults and children ~~under 18 years~~ of age?

11 xiii. Does any member of the ~~panel have any disagreement~~ with laws that make it illegal

12 to for an adult ~~American~~ citizen to travel to a foreign country and engage ~~in consensual sexual~~

13 ~~relations with children under 18 years of age?~~

14 xiv. Does any member of the panel have any personal experiences or feelings that you

15 think should be brought to the attention of the court regarding your service on this case? If so,

16 what are these feelings and experiences?

17

18 DATED: March 7, 2014

19                              Respectfully submitted,

20
                                ANDREW G. OOSTERBAAN
21                              Chief, Child Exploitation & Obscenity Section
                                Criminal Division, U.S. Department of Justice
22

23                              /s/ Herbrina D Sanders
                                -----------------------------------
24                              HERBRINA D. SANDERS
                                RAVI SINHA
25                              Trial Attorneys

26                              *Attorneys for Plaintiff*

27                              UNITED STATES OF AMERICA

28