1  ANDREW G. OOSTERBAAN
   Chief, Child Exploitation & Obscenity Section
2  Criminal Division, U.S. Department of Justice

3  HERBRINA D. SANDERS
   RAVI SINHA
4  Trial Attorneys
         1400 New York Avenue, Suite 600
5        Washington, D.C. 20005
         Telephone: (202) 616-1951
6        Facsimile: (202) 514-1793
         E-mail: herbrina.sanders@usdoj.gov
7                ravi.sinha@usdoj.gov

8  *Attorneys for Plaintiff*
   *United States of America*

9

10              UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,  ) No. CR 13-0302-PSG
                               )
13           Plaintiff,        ) JOINT PROPOSED JURY INSTRUCTIONS
                               )
14        v.                   )
                               )
15  WALTER LEE WILLIAMS,       ) Trial Date: March 19, 2014
                               ) Trial Time: 9:00am
16        Defendant.           ) Place: Roybal - 880
                               )        Courtroom of the Honorable
17                             )        Philip S. Gutierrez
                               )
18  ─────────────────────────  )

19

20

21     The United States of America hereby submits the following

22  joint proposed jury instructions in the above-captioned case.[1]

23  The United States respectfully requests leave to seek other and

24  additional instructions as may become appropriate during the

25  course of trial.

26

27

28  ────────────────

   [1]Walter Williams joins in the filing of these proposed jury
   instructions, however, Walter Williams does not consent to the
   use of "the defendant" in place of "Walter Williams".  The use of
   the term "the defendant" in any instruction is disputed.

**INDEX OF JOINT PROPOSED JURY INSTRUCTIONS**

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Presumption of Innocence | Ninth Circuit Model Criminal Jury Instruction No. 1.2 (2010) | 1 |
| 2 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instruction No. 1.4 (2010) | 2 |
| 3 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instruction No. 1.5 (2010) | 3 |
| 4 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instruction No. 1.6 (2010) | 4 |
| 5 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instruction No. 1.7 (2010) | 5 |
| 6 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instruction No. 1.8 (2010) | 7 |
| 7 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instruction No. 1.9 (2010) | 8 |
| 8 | Taking Notes | Ninth Circuit Model Criminal Jury Instruction No. 1.10 (2010) | 9 |
| 9 | Outline of Trial | Ninth Circuit Model Criminal Jury Instruction No. 1.11 (2010) | 10 |
| 10 | Jury to be Guided by Official English Translation | Ninth Circuit Model Criminal Jury Instruction No. 1.12 (2010) | 11 |

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 11 | Cautionary Instruction/ First Break | Ninth Circuit Model Criminal Jury Instruction No. 2.1 (2010) | 12 |
| 12 | Bench Conferences and Recess | Ninth Circuit Model Criminal Jury Instruction No. 2.2 (2010) | 13 |
| 13 | Stipulated Testimony | Ninth Circuit Model Criminal Jury Instruction No. 2.3 (2010) | 14 |
| 14 | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instruction No. 2.4 (2010) | 15 |
| 15 | Judicial Notice | Ninth Circuit Model Criminal Jury Instruction No. 2.5 (2010) | 16 |
| 16 | Foreign Language Testimony | Ninth Circuit Model Criminal Jury Instruction No. 2.9 (2010) | 17 |
| 17 | Other Crimes, Wrongs, or Acts of Defendant [To be given during trial] | Ninth Circuit Model Criminal Jury Instruction No. 4.3 (2010) [modified] | 18 |
| 18 | Charge Not Evidence/ Presumption of Innocence/ Burden of Proof | Ninth Circuit Model Criminal Jury Instruction No. 3.2 (2010) | 19 |
| 19 | Defendant's Decision Not to Testify | Ninth Circuit Model Criminal Jury Instruction No. 3.3 (2010) | 20 |
| 20 | Defendant's Decision To Testify [If Defendant Testifies] | Ninth Circuit Model Criminal Jury Instruction No. 3.4 (2010) | 21 |
| 21 | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instruction No. 3.5 (2010) | 22 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 22 | What Is Evidence | Ninth Circuit Model Criminal Jury Instruction No. 3.6 (2010) | 23 |
| 23 | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instruction No. 3.7 (2010) | 24 |
| 24 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instruction No. 3.8 (2010) | 25 |
| 25 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instruction No. 3.9 (2010) | 26 |
| 26 | Activities Not Charged | Ninth Circuit Model Criminal Jury Instruction No. 3.10 (2010) | 27 |
| 27 | Separate Consideration of Multiple Counts- Single Defendant | Ninth Circuit Model Criminal Jury Instruction No. 3.11 | 28 |
| 28 | Jury to be Guided by Official English Translation | Ninth Circuit Model Criminal Jury Instruction No. 3.19 | 29 |
| 29 | Other Crimes, Wrongs, or Acts of Defendant [If Rule 404(b) evidence is admitted] | Ninth Circuit Model Criminal Jury Instruction No. 4.3 | 30 |
| 30 | Impeachment Evidence | Ninth Circuit Model Criminal Jury Instruction No. 4.8 (2010) | 31 |
| 31 | Eyewitness Identification | Ninth Circuit Model Criminal Jury Instruction No. 4.11 (2010) | 32 |
| 32 | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instruction No. 4.14 (2010) | 34 |

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 33 | Summaries Not Received in Evidence<br><br>[If Shown at Trial] | Ninth Circuit Model Criminal Jury Instruction No. 4.15 (2010) | 35 |
| 34 | Charts and Summaries in Evidence<br><br>[If Admitted at Trial] | Ninth Circuit Model Criminal Jury Instruction No. 4.16 (2010) | 36 |
| 35 | "On or About" — Explained | 1A O'Malley, Grenig, & Lee, Federal Jury Practice & Instr., § 13.05 (6th ed. 2008) | 37 |
| 36 | Duty To Deliberate | Ninth Circuit Model Criminal Jury Instruction No. 7.1 (2010) | 38 |
| 37 | Consideration of Evidence — Conduct of the Jury | Ninth Circuit Model Criminal Jury Instruction No. 7.2 (2010) | 39 |
| 38 | Use Of Notes | Ninth Circuit Model Criminal Jury Instruction No. 7.3 (2010) | 41 |
| 39 | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instruction No. 7.4 (2010) | 42 |
| 40 | Verdict Form | Ninth Circuit Model Criminal Jury Instruction No. 7.5 (2010) | 43 |
| 41 | Communication With Court | Ninth Circuit Model Criminal Jury Instruction No. 7.6 (2010) | 44 |

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 1**

This is a criminal case brought by the United States government.  The government charges the defendant with sexual exploitation of a child, travel with intent to engage in illicit sexual conduct with a child and engaging in illicit sexual conduct with a child in violation of 18 U.S.C. § 2251(c), 18 U.S.C. § 2423(b), and 18 U.S.C. § 2423(c), respectively.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves he is guilty beyond a reasonable doubt.  In addition, the defendant has right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 1.2 (2010) [The Charge- Presumption of Innocence]

1

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 2**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instruction No. 1.4 (2010) [What is Not Evidence]

2

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 3**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 1.5 (2010)
[Direct and Circumstantial Evidence]

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 4**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instruction No. 1.6 (2010) [Ruling on Objections]

4

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 5**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Ninth Circuit Model Criminal Jury Instruction No. 1.7 (2010) [Credibility of Witnesses]

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION $\overline{\text{NO}}$. 6**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information,please notify the court immediately.

Ninth Circuit Model Criminal Jury Instruction No. 1.8 (2010) [Conduct of the Jury]

7

**COURT'S INSTRUCTION NO. __**
**JOINT PROPOSED INSTRUCTION NO. 7**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instruction No. 1.9 (2010) [No Transcript Available to Jury]

8

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 8**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.

Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction No. 1.10 (2010) [Taking Notes]

9

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 9**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instruction No. 1.11 (2010) [Outline of Trial]

10

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 10**

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. The evidence you are to consider and on which you must base your decision is only the English-language translation provided through the official court translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official translation.  You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Ninth Circuit Model Criminal Jury Instruction No. 1.12 (2010)
[Jury to be Guided by Official English Translation/
Interpretation]

11

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 11**

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging. If anyone tries to communicate with you about the case, please let me know about it immediately.

Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.

Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors. If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Ninth Circuit Model Criminal Jury Instruction No. 2.1 (2010)
[Cautionary Instruction-First Recess]

12

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 12**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

Ninth Circuit Model Criminal Jury Instruction No. 2.2 (2010) [Bench Conferences and Recess]

1

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 13**

2

3        The parties have agreed to what the testimony of certain

4    witnesses would be.   You should consider that testimony in the

5    same way as if it had been given here in court.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Criminal Jury Instruction No. 2.3 (2010)
27   [Stipulated Testimony][modified]

28

**COURT'S INSTRUCTION NO. __**
**JOINT PROPOSED INSTRUCTION NO. 14**

The parties have agreed to certain facts that have been
stated to you. You should therefore treat these facts as having
been proved.

Ninth Circuit Model Criminal Jury Instruction No. 2.4 (2010)
[Stipulations of Fact]

15

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 15**

The court has decided it is not necessary to receive evidence of certain facts that are a matter of common knowledge. You may, but are not required to, accept this fact as true.

Ninth Circuit Model Criminal Jury Instruction No. 2.5 (2010) [Judicial Notice]

16

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 16**

     You are about to hear testimony of a witness who will be testifying in the Visayan dialect of the Philippine language. This witness will testify through the official court interpreter. Although some of you may know the Visayan language, it is important that all jurors consider the same evidence. Therefore, you must accept the official English translation of the witness's testimony even if you would translate it differently. In this way, all jurors are considering the same evidence.

Ninth Circuit Model Criminal Jury Instruction No. 2.9 (2010) [Foreign Language Testimony]

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 17**

[To be given if evidence is admitted pursuant to Rule 404(b)]

You are about to hear evidence that the defendant committed other crimes and acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake][absence of accident] and for no other purpose. You may not consider this evidence as evidence of guilt of a crime for which the defendant is not on trial.

Ninth Circuit Model Criminal Jury Instructions No. 4.3 (2010) [Other Crimes, Wrongs, or Acts of Defendant] [modified]

18

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 18**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  He is presumed to be innocent unless and until the government proves he is guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction No. 3.2 (2010)
[Charge Against Defendant Not Evidence — Presumption of Innocence — Burden of Proof]

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 19**

[To be given if the defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

Ninth Circuit Model Criminal Jury Instruction No. 3.3 (2010)
[Defendant's Decision Not To Testify]

20

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 20**

[To be given if the defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instruction No. 3.4 (2010)
[Defendant's Decision To Testify]

**COURT'S INSTRUCTION NO. _____**
**JOINT PROPOSED INSTRUCTION NO. 21**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If, after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find him not guilty. On the other hand, if, after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find him guilty.

Ninth Circuit Model Criminal Jury Instruction No. 3.5 (2010)
[Reasonable Doubt – Defined]

22

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 22**

The evidence you are to consider in deciding what the facts are consists of:

    (1)  the sworn testimony of any witness;

    (2)  the exhibits received in evidence; and

    (3)  any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instruction No. 3.6 (2010)
[What Is Evidence]

23

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 23**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instruction No. 3.7 (2010) [What Is Not Evidence]

24

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 24**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 3.8 (2010)
[Direct and Circumstantial Evidence]

**COURT'S INSTRUCTION NO. __**
**JOINT PROPOSED INSTRUCTION NO. 25**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

        (1)   the witness's opportunity and ability to see or hear or know the things testified to;

        (2)   the witness's memory;

        (3)   the witness's manner while testifying;

        (4)   the witness's interest in the outcome of the case, if any;

        (5)   the witness's bias or prejudice, if any;

        (6)   whether other evidence contradicted the witness's testimony;

        (7)   the reasonableness of the witness's testimony in light of all the evidence; and

        (8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions No. 3.9 (2010) [Credibility of Witnesses]

**COURT'S INSTRUCTION NO. _____**
**JOINT PROPOSED INSTRUCTION NO. 26**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  He is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions No. 3.10 (2010)
[Activities Not Charged]

27

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 27**

   A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions No. 3.11 (2010)
[Separate Consideration of Multiple Counts- Single Defendant]

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 28**

The Visayan dialect of the Philippine language has been used during this trial.  The evidence you are to consider is only that provided through the official court interpreters.  Although some of you may know the Visayan dialect, it is important that all jurors consider the same evidence.  Therefore, you must accept the evidence presented in the English translation and disregard any different meaning.

Ninth Circuit Model Criminal Jury Instructions No. 3.19 (2010)
[Jury to be Guided by Official English
Translation/Interpretation]

29

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 29**

[To be given if evidence is admitted pursuant to Rule 404(b)]

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake][absence of accident] and for no other purpose. You may not consider this evidence as evidence of guilt of a crime for which the defendant is not on trial.

Ninth Circuit Model Criminal Jury Instructions No. 4.3 (2010)
[Other Crimes, Wrongs, or Acts of Defendant]

30

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 30**

     You have heard evidence regarding one or more witnesses of specific instances of conduct or prior inconsistent statements. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instruction No. 4.8 (2010) [Impeachment Evidence]

31

**COURT'S INSTRUCTION NO. __**
**JOINT PROPOSED INSTRUCTION NO. 31**

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1) the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2) whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3) any inconsistent identifications made by the eyewitness;

(4) the witness's familiarity with the subject identified;

(5) the strength of earlier and later identifications;

(6) lapses of time between the event and the identification[s];and

32

      (7) the totality of circumstances surrounding the
eyewitness's identification.

Ninth Circuit Model Criminal Jury Instruction No. 4.11 (2010)
[Eyewitness Identification]

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 32**

You have heard testimony from a person who, because of education or experience, was permitted to state opinions and the reasons for his opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instruction No. 4.14 (2010)
[Opinion Evidence, Expert Witnesses]

34

1

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 33**

2

3       [If a chart or summary is shown at trial]

4       During the trial, certain charts and summaries were shown to

5  you in order to help explain the evidence in the case.  These

6  charts and summaries were not admitted in evidence and will not

7  go into the jury room with you.  They are not themselves evidence

8  or proof of any facts.  If they do not correctly reflect the

9  facts or figures shown by the evidence in the case, you should

10 disregard these charts and summaries and determine the facts from

11 the underlying evidence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 Ninth Circuit Model Criminal Jury Instruction No. 4.15 (2010)
   [Summaries Not Received in Evidence]

28

35

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 34**

[If a chart or summary is admitted at trial]

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instruction No. 4.16 (2010)
[Charts and Summaries in Evidence]

36

**COURT'S INSTRUCTION NO. _____**
**JOINT PROPOSED INSTRUCTION NO. 35**

The indictment charges the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1A O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, § 13.05 (6th ed. 2008) ["On or About"--Explained].

37

**COURT'S INSTRUCTION NO. \_\_\_**
**JOINT PROPOSED INSTRUCTION NO. 36**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement, if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Criminal Jury Instruction No. 7.1 (2010)
[Duty To Deliberate]

38

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 37**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings,

and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instruction No. 7.2 (2010)
[Consideration of Evidence — Conduct of the Jury]

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 38**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction No. 7.3 (2010) [Use Of Notes]

41

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 39**

The punishments provided by law for these crimes are for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction No. 7.4 (2010)
[Jury Consideration of Punishment]

42

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 40**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instruction No. 7.5 (2010) [Verdict Form]

1

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 41**

2

3      If it becomes necessary during your deliberations to

4  communicate with me, you may send a note through the marshall,

5  signed by any one or more of you.  No member of the jury should

6  ever attempt to communicate with me except by a signed writing,

7  and I will respond to the jury concerning the case only in

8  writing or here in open court.  If you send out a question, I

9  will consult with the lawyers before answering it, which may take

10  some time. You may continue your deliberations while waiting for

11  the answer to any question.  Remember that you are not to tell

12  anyone — including me — how the jury stands, numerically or

13  otherwise, on any question submitted to you, including the

14  question of the guilt of the defendant, until after you have

15  reached a unanimous verdict or have been discharged.

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Criminal Jury Instruction No. 7.6 (2010)

27  [Communication With Court]

28

1

2                                        Respectfully submitted,

3                                        ANDREW G. OOSTERBAAN
                                         Chief
4                                        Child Exploitation & Obscenity
   Section
5                                        Criminal Division
                                         U.S. Dept. Of Justice
6
                                         HERBRINA D. SANDERS
7                                        RAVI SINHA
                                         Trial Attorneys
8                                        Child Exploitation & Obscenity
                                         Section
9                                        Criminal Division
                                         U.S. Dept. Of Justice
10

11

12    March 12, 2014                         /s/ Herbrina D. Sanders
     DATE                                 Herbrina D. Sanders
13                                        Trial Attorney

14                                        Attorneys for Plaintiff
                                         United States of America
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         45