ANDREW G. OOSTERBAAN
Chief, Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice

HERBRINA D. SANDERS
RAVI SINHA
Trial Attorneys
     1400 New York Avenue, Suite 600
     Washington, D.C. 20005
     Telephone: (202) 616-1951
     Facsimile: (202) 514-1793
     E-mail: herbrina.sanders@usdoj.gov
             ravi.sinha@usdoj.gov

*Attorneys for Plaintiff
United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 13-0302-PSG |
| | ) |
| Plaintiff, | ) GOVERNMENT'S DISPUTED |
| | ) JURY INSTRUCTIONS |
| v. | ) |
| | ) |
| WALTER LEE WILLIAMS, | ) |
| | ) Trial Date: March 19, 2014 |
| Defendant. | ) Trial Time: 9:00am |
| | ) Place: Roybal - 880 |
| | )        Courtroom of the Honorable |
| | )        Philip S. Gutierrez |
| | ) |

     The United States hereby submits the following disputed jury instructions:

**INDEX OF DISPUTED PROPOSED JURY INSTRUCTIONS**

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instruction No. 1.1 (2010) | 1 |
| 2 | What is Evidence | Ninth Circuit Model Criminal Jury Instruction No. 1.3 (2010) | 3 |
| 3 | Duties of Jury To Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instruction No. 3.1 (2010) | 5 |
| 4 | Other Crimes, Wrongs, or Acts of Defendant [If Rule 414 evidence is admitted] | Ninth Circuit Model Criminal Jury Instruction No. 4.3 (2010); United States v. Lemay, 269 F.3d 1018, 1028 (9th Cir. 2001); United States v. Batton, 602 F.3d 1191, 1199 (10th Cir.2010)(modified from jury instructions affirmed by the Tenth Circuit Court of Appeals); Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 4 (2010)(modified) | 7 |

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 5 | Count 1: Sexual Exploitation of a Child | Ninth Circuit Model Criminal Jury Instructions No. 8.181 (2010) [Sexual Exploitation of Child](modified); Ninth Circuit Model Criminal Jury Instructions No. 8.185 (2010) [Possession of Child Pornography](modified); 18 U.S.C. § 2251(c); 18 U.S.C. § 2256(2)(A); United States v. Overton, 573 F.3d 679, 686 (9th Cir. 2009) (defining lascivious exhibition). Devitt and Blackmar, Sec. 48.05 (defining interstate and foreign commerce). | 9 |
| 6 | Count 2: Travel with Intent to Engage in Illicit Sexual Conduct | 18 U.S.C. § 2423(b),(f); 18 U.S.C. § 2246; 18 U.S.C. § 2243(a); 18 U.S.C. § 1591(e)(3); United States v. Clark, 435 F.3d 1100, 1114 (9th Cir. 2006); Eleventh Circuit Pattern Jury Instructions, Offense Instructions, Offense Instruction No. 93.2(modified) | 13 |
| 7 | Counts 3 and 4: Engaging in Illicit Sexual Conduct in Foreign Places | 18 U.S.C. § 2423(b),(f); 18 U.S.C. § 2246; 18 U.S.C. § 2243(a); 18 U.S.C. § 1591(e)(3); United States v. Clark, 435 F.3d 1100, 1114 (9th Cir. 2006); Eleventh Circuit Pattern Jury Instructions, Offense Instructions, Offense Instruction No. 93.3(modified) | 17 |

**COURT'S INSTRUCTION NO. ___**
**DISPUTED PROPOSED INSTRUCTION NO. 1**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

Ninth Circuit Model Criminal Jury Instruction No. 1.1 (2010) [Duty of Jury]

1

**DEFENSE BASIS FOR DISPUTE FOR PROPOSED INSTRUCTION NO.1**

Walter Williams does not consent to the requested instruction on grounds that the Indictment and charged statutes have been challenged as violating his constitutional rights.

1

**COURT'S INSTRUCTION NO. ___**
**DISPUTED PROPOSED INSTRUCTION NO. 2**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instruction No. 1.3 (2010) [What is Evidence]

2

**DEFENSE BASIS FOR DISPUTE FOR PROPOSED INSTRUCTION NO.2**

Walter Williams does not consent to the requested instruction on grounds that the Indictment and charged statutes have been challenged as violating his constitutional rights.

**COURT'S INSTRUCTION NO. \_\_\_**
**DISPUTED PROPOSED INSTRUCTION NO. 3**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you towards the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instruction No. 3.1 (2010)
[Duties of Jury To Find Facts And Follow Law]

4

**DEFENSE BASIS FOR DISPUTE FOR PROPOSED INSTRUCTION NO.3**

Walter Williams does not consent to the requested instruction on grounds that the Indictment and charged statutes have been challenged as violating his constitutional rights.

**COURT'S INSTRUCTION NO. ___**
**DISPUTED PROPOSED INSTRUCTION NO. 4**

[To be given if evidence is admitted pursuant to Rule 414]

You have heard evidence that the defendant committed other acts that may be similar to acts he is currently charged with. You may consider this evidence for any matter to which it is relevant including the defendant's propensity to commit the offenses that are charged in the indictment.

It is entirely up to you to determine what weight, if any, such similar acts evidence deserves.  In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive.

However, you are cautioned that the defendant is not on trial here for any acts not alleged in the indictment.  The defendant may not be convicted of the crimes charged in the indictment if you were to find only that he committed other crimes at some other time.  You are reminded that, at all times, the government bears the burden of proving beyond a reasonable doubt that the defendant committed the offenses charged in the indictment.

Ninth Circuit Model Criminal Jury Instruction No. 4.3 (2010)
United States v. Lemay, 269 F.3d 1018, 1028 (9th Cir. 2001);
United States v. Batton, 602 F.3d 1191, 1199 (10th Cir. 2010)(modified from jury instructions affirmed by the Tenth Circuit Court of Appeals); Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 4 (2010)(modified)

**DEFENSE BASIS FOR DISPUTE FOR PROPOSED INSTRUCTION NO.4**

  Walter Williams does not consent to the requested instruction on grounds that the Indictment and charged statutes have been challenged as violating his constitutional rights.

7

**COURT'S INSTRUCTION NO. \_\_\_\_\_**
**DISPUTED PROPOSED INSTRUCTION NO. 5**

The defendant is charged in Count One of the indictment with sexual exploitation of a child in violation of Section 2251(c) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, at the time, J.M. was under the age of eighteen years;

Second, the defendant employed, used, persuaded, induced, enticed, or coerced J.M. to take part in sexually explicit conduct outside of the United States, its territories or possessions, for the purpose of producing a visual depiction of such conduct; and

Third, the defendant transported such visual depiction to the United States, its territories or possessions, by any means, including by using any means or facility of interstate or foreign commerce.

The government does not need to prove that the defendant knew that J.M. was under the age of eighteen years at the time.

Lack of consent by J.M. is not an element of the offense. The government does not need to prove that J.M. did

8

not consent to the sexually explicit conduct, nor is the government required to show J.M. resisted.

In this case, "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; or lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct "lascivious exhibition" – not every exposure of the genitals or pubic area constitutes a lascivious exhibition.

In determining whether a visual depiction constitutes a "lascivious exhibition," you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition you may consider whether the child appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the child is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual

activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

In this case, "producing" means producing, directing, or manufacturing.

"Visual depiction" includes undeveloped film and video tape, and data that has been stored on computer disk or data that has been stored by electronic means and that is capable of conversion into a visual image.

"Commerce" includes among other things: travel, trade, transportation, and communication.

"Foreign commerce" means commerce or travel between any part of the United States and any place outside the United States.

Ninth Circuit Model Criminal Jury Instructions No. 8.181 (2010) [Sexual Exploitation of Child](modified); Ninth Circuit Model Criminal Jury Instructions No. 8.185 (2010) [Possession of Child Pornography](modified); 18 U.S.C. § 2251(c); 18 U.S.C. § 2256(2)(A); United States v. Overton, 573 F.3d 679, 686 (9th Cir. 2009) (defining lascivious exhibition). Devitt and Blackmar, Sec. 48.05 (defining interstate and foreign commerce).

**DEFENSE BASIS FOR DISPUTE FOR PROPOSED INSTRUCTION NO.5**

Walter Williams does not consent to the requested instruction on grounds that the statute referenced has been challenged as unconstitutional.

**COURT'S INSTRUCTION NO. _____**

**DISPUTED PROPOSED INSTRUCTION NO. 6**

The defendant is charged in Count Two of the indictment with traveling in foreign commerce for the purpose of engaging in any illicit sexual conduct with a person under 18 years of age in violation of Section 2423(b) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove all of the following facts beyond a reasonable doubt:

First, the defendant is a United States citizen;

Second, the defendant traveled in foreign commerce to the Philippines;

Third, the defendant traveled for the purpose of engaging in illicit sexual conduct.

A person born in the United States is a United States citizen at birth.[1]  A United States passport issued by the Secretary of State to a citizen of the United States is proof of United States citizenship for the period during which the passport is valid.[2]

To "travel in foreign commerce" includes travel between any

---

[1] *See* 8 U.S.C. § 1401.

[2] *See* 22 U.S.C. § 2705.

12

part of the United States and a foreign country.[3]

For purposes of this offense, the term "illicit sexual conduct" means:
- a sexual act with a person who is under 16 years of age and is at least four years younger than the defendant; or
- a commercial sex act with a person under 18 years of age.

The term "sexual act" means:
- contact between the penis and the anus, involving penetration, however slight; or
- contact between the mouth and the penis, the mouth and the anus; or
- penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the defendant or any other person; or
- an intentional touching – not through the clothing – of the genitalia of a person younger than 16 years old, with the intent to abuse, humiliate, harass, or degrade

---

[3] United States v. Clark, 435 F.3d 1100, 1114 (9th Cir. 2006) (discussing the phrase "travels in foreign commerce" in the context of 18 U.S.C. § 2423(c)); United States v. Weingarten, 632 F.3d 60, 67-71 (2d. Cir. 2011)(discussing the phrase "travels in foreign commerce" in the context of 18 U.S.C. § 2423(b))

the person, or to arouse or gratify the sexual desire of the defendant or any other person.

"Commercial sex act" means any sex act for which anything of value is given to or received by any person.

The government does not have to prove that the defendant actually engaged in illicit sexual conduct, but must prove that he traveled with the intent to engage in such conduct.

The government does not have to show that the defendant's only purpose in traveling in foreign commerce was to engage in illicit sexual conduct, but the government must show that it was one of the motives or purposes for the travel.  In other words, the government must show that his criminal purpose was not merely incidental to the travel.

The government does not have to show that the illicit sexual conduct is illegal in the country to which the defendant traveled.

18 U.S.C. § 2423(b),(f); 18 U.S.C. § 2246; 18 U.S.C. § 2243(a); 18 U.S.C. § 1591(e)(3); <u>United States v. Clark</u>, 435 F.3d 1100, 1114 (9th Cir. 2006); Eleventh Circuit Pattern Jury Instructions, Offense Instructions, Offense Instruction No. 93.2(modified)

**DEFENSE BASIS FOR DISPUTE FOR PROPOSED INSTRUCTION NO.6**

Walter Williams does not consent to the requested instruction on ground that the statute referenced has been challenged as unconstitutional.

**COURT'S INSTRUCTION NO. _____**
**DISPUTED PROPOSED INSTRUCTION NO. 7**

The defendant is charged in Counts Three and Four of the indictment with traveling in foreign commerce and engaging in illicit sexual conduct with another person – J.M. and A.C., respectively – in violation of Section 2423(c)of Title 18 of the United States Code.  In order for the defendant to be found guilty of these charges, the government must prove all of the following facts beyond a reasonable doubt for each charge:

Count Three:
First, the defendant is a United States citizen;

Second, the defendant traveled in foreign commerce to the Philippines; and

Third, while the defendant was in the Philippines, he knowingly engaged in illicit sexual conduct with J.M.

Count Four:
First, the defendant is a United States citizen;

Second, the defendant traveled in foreign commerce to the Philippines; and

Third, while the defendant was in the Philippines, he knowingly engaged in illicit sexual conduct with A.C.

16

The government does not need to prove that the defendant knew that J.M. was under the age of eighteen years at the time.

Lack of consent by J.M. is not an element of the offense. The government does not need to prove that J.M. did not consent to the sexually explicit conduct, nor is the government required to show that J.M. resisted.

The government does not need to prove that the defendant knew that A.C. was under the age of eighteen years at the time.

Lack of consent by A.C. is not an element of the offense. The government does not need to prove that A.C. did not consent to the sexually explicit conduct, nor is the government required to show that A.C. resisted.

A person born in the United States is a United States citizen at birth.[4]   A United States passport issued by the Secretary of State to a citizen of the United States is proof of United States citizenship for the period during which the passport is valid.[5]

To "travel in foreign commerce" includes travel between any

---

[4] *See* 8 U.S.C. § 1401.

[5] *See* 22 U.S.C. § 2705.

17

part of the United States and a foreign country.[6]

For purposes of this offense, the term "illicit sexual conduct" means:

- a sexual act with a person who is under 16 years of age and is at least four years younger than the defendant; or

- a commercial sex act with a person under 18 years of age.

The term "sexual act" means:

- contact between the penis and the anus, involving penetration, however slight; or

- contact between the mouth and the penis, the mouth and the anus; or

- penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

- an intentional touching – not through the clothing – of the genitalia of a person younger than 16 years old, with the intent to abuse, humiliate, harass, or degrade

---

[6]United States v. Clark, 435 F.3d 1100, 1114 (9th Cir. 2006) (discussing the phrase "travels in foreign commerce" in the context of 18 U.S.C. § 2423(c)); United States v. Weingarten, 632 F.3d 60, 67-71 (2d. Cir. 2011)(discussing the phrase "travels in foreign commerce" in the context of 18 U.S.C. § 2423(b))

1        the person, or to arouse or gratify the sexual desire

2        of the defendant or any other person.

3

4    "Commercial sex act" means any sex act, for which anything

5    of value is given to or received by any person.

6

7    The government does not have to prove that the illicit

8    sexual conduct violated the laws of the foreign country where it

9    occurred, or that Walter Williams intended to engage in the

10   illicit sexual conduct at the time he departed the United States.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   18 U.S.C. § 2423(b),(f); 18 U.S.C. § 2246; 18 U.S.C. § 2243(a);
     18 U.S.C. § 1591(e)(3); United States v. Clark, 435 F.3d 1100,
27   1114 (9th Cir. 2006); Eleventh Circuit Pattern Jury Instructions,
     Offense Instructions, Offense Instruction No. 93.3(modified)

28

**DEFENSE BASIS FOR DISPUTE FOR PROPOSED INSTRUCTION NO.7**

Walter Williams does not consent to the requested instruction on grounds that the statute referenced has been challenged as unconstitutional.

DATED: March 12, 2014

Respectfully submitted,

ANDREW G. OOSTERBAAN
Chief, Child Exploitation &
Obscenity Section
Criminal Division,
U.S. Department of Justice

/s/ Herbrina D Sanders
----------------------------------

HERBRINA D. SANDERS
RAVI SINHA
Trial Attorneys

*Attorneys for Plaintiff*

UNITED STATES OF AMERICA