ANDREW G. OOSTERBAAN
Chief, Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice
RAVI SINHA
Trial Attorney
Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice
HERBRINA D. SANDERS
Trial Attorney
Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, NW, Suite 600
    Washington, DC, 20005
    Telephone: (202) 616-1951
    Facsimile: (202) 514-1793
    Emails:   ravi.sinha@usdoj.gov
             herbrina.sanders@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 13-00302-PSG |
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT WALTER LEE WILLIAMS |
|        v. | |
| WALTER LEE WILLIAMS, | |
|     Defendant. | |

    1.  This constitutes the plea agreement between WALTER LEE
WILLIAMS ("defendant") and the Child Exploitation and Obscenity
Section of the United States Department of Justice, Criminal
Division ("CEOS") in the above-captioned case.  This agreement is
limited to CEOS and cannot bind any other federal, state, local,
or foreign prosecuting, enforcement, administrative, or regulatory
authorities.

1       ## RULE 11(c)(1)(C) AGREEMENT

2            2.   Defendant understands that this agreement is entered into

3       pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

4       Accordingly, defendant understands that, if the Court determines

5       that it will not accept this agreement, absent a breach of this

6       agreement by defendant prior to that determination and whether or

7       not defendant elects to withdraw any guilty plea[s] entered

8       pursuant to this agreement, this agreement will, with the

9       exception of paragraph 21 below, be rendered null and void and

10      both defendant and CEOS will be relieved of their obligations

11      under this agreement.   Defendant agrees, however, that if

12      defendant breaches this agreement prior to the Court's

13      determination whether or not to accept this agreement, the breach

14      provisions of this agreement, paragraphs 23 and 24 below, will

15      control, with the result that defendant will not be able to

16      withdraw any guilty plea[s] entered pursuant to this agreement,

17      CEOS will be relieved of all of its obligations under this

18      agreement, and the Court's failure to follow any recommendation or

19      request regarding sentence set forth in this agreement will not

20      provide a basis for defendant to withdraw defendant's guilty

21      plea[s].

                          ## DEFENDANT'S OBLIGATIONS

23           3.   Defendant agrees to:

24           a)    At the earliest opportunity requested by CEOS and

25      provided by the Court, appear and plead guilty to Count Four of the

26      Indictment in United States v. Walter Lee Williams, CR. No. 13-302,

27      ("Indictment"), which charges defendant with Engaging in Illicit

28

                                  2

Sexual Conduct in Foreign Places in violation of 18 U.S.C.
§ 2423(c).

       b)   Not contest facts agreed to in this agreement.

       c)   Abide by all agreements regarding sentencing
contained in this agreement.

       d)   Appear for all court appearances, surrender as
ordered for service of sentence, obey all conditions of any bond,
and obey any other ongoing court order in this matter.

       e)   Not commit any crime.

       f)   Be truthful at all times with Pretrial Services, the
United States Probation Office, and the Court.

       g)   Pay the applicable special assessment at or before
the time of sentencing unless defendant lacks the ability to pay and
prior to sentencing submits a completed financial statement on a
form to be provided by CEOS.

       h)   Make payment of full restitution amount, as agreed to
in paragraph 15 below, and not seek the discharge of any restitution
obligation, in whole or in part, in any present or future bankruptcy
proceeding.

       i)   Agree to and not oppose the imposition of the
following conditions of probation or supervised release:

          (1)   The defendant shall register as a sex
offender, and keep the registration current, in each jurisdiction
where he resides, where he is an employee, and where he is a
student, to the extent the registration procedures have been
established in each jurisdiction.  When registering for the first
time, the defendant shall also register in the jurisdiction in which
the conviction occurred if different from his jurisdiction of

3

1  residence.  The defendant shall provide proof of registration to the
2  Probation Officer within three business days of release from
3  imprisonment;

4         (2)  Immediately following release from custody the
5  defendant shall report directly to the Probation Office for
6  instructions regarding the registration requirements created by the
7  Adam Walsh Child Protection and Safety Act of 2006;

8         (3)  The defendant shall participate in such
9  counseling and/or treatment program as is approved and directed by
10 the Probation Officer.  The defendant shall abide by all rules,
11 requirements, and conditions of such program.  The Probation Officer
12 shall disclose the presentence report and/or any previous mental
13 health evaluations or reports to the treatment provider;

14        (4)  As directed by the Probation Officer, the
15 defendant shall pay all or part of the costs of treating the
16 defendant's psychological/psychiatric disorder(s) to the aftercare
17 contractor during the period of community supervision, pursuant to
18 18 U.S.C. § 3672.  The defendant shall provide payment and proof of
19 payment, as directed by the Probation Officer;

20        (5)  The defendant shall not view or possess any
21 materials, including pictures, photographs, books, writings,
22 drawings, videos, or video games, depicting and/or describing child
23 pornography.  This condition does not prohibit the defendant from
24 possessing materials solely because they are necessary to, and used
25 for, a collateral attack, nor does it prohibit him from possessing
26 materials prepared and used for the purposes of his court-mandated
27 sex offender treatment, when the defendant's treatment provider has
28 approved of his possession of the material in advance.

4

1          (6)    The defendant shall not associate or have
2   verbal, written, telephonic, or electronic communication with any
3   person under the age of 18, except:  a)  in the presence of the
4   parent or legal guardian of said minor; and b) on the condition that
5   the defendant notify said parent or legal guardian of his conviction
6   in the instant offense/prior offense.   This provision does not
7   encompass persons under the age of 18, such as waiters, cashiers,
8   ticket vendors, etc., with whom the defendant must deal with in
9   order to obtain ordinary and usual commercial services;

10          (7)    The defendant shall not frequent, or loiter,
11  within 100 feet of places primarily used by persons under the age of
12  18, including school yards, parks, public swimming pools,
13  playgrounds, youth centers, and video arcade facilities, unless the
14  defendant receives written permission from the Probation Officer;

15          (8)    The defendant shall not affiliate with, own,
16  control, volunteer and/or be employed in any capacity by a business
17  and/or organization that causes him to regularly contact persons
18  under the age of 18;

19          (9)    The defendant shall not affiliate with, own,
20  control, and/or be employed in any capacity by a business whose
21  principal product is the production and/or selling of materials
22  depicting and/or describing "sexually explicit conduct," as defined
23  in 18 U.S.C. § 2256(2);

24          (10)   The defendant shall not own, use or have
25  access to the services of any commercial mail-receiving agency, nor
26  shall he open or maintain a post office box, without the prior
27  approval of the Probation Officer;

28          (11)   The defendant's employment shall be approved

5

1   by the Probation Officer, and any change in employment must be pre-
2   approved by the Probation Officer.  The defendant shall submit the
3   name and address of the proposed employer to the Probation Officer
4   at least 10 days prior to any scheduled change;

5                    (12)    The defendant shall not reside within direct
6   view of places primarily used by persons under the age of 18,
7   including school yards, parks, public swimming pools, playgrounds,
8   youth centers, and video arcade facilities.  The defendant's
9   residence shall be approved by the Probation Officer, and any change
10  in residence must be pre-approved by the Probation Officer.  The
11  defendant shall submit the address of the proposed residence to the
12  Probation Officer at least 10 days prior to any scheduled move.

13                   (13)    The defendant shall submit his person, and any
14  property, house, residence, vehicle, papers, computer, other
15  electronic communication or data storage devices or media, and his
16  effects to search at any time, with or without a warrant, by any law
17  enforcement or Probation Officer with reasonable suspicion
18  concerning a violation of a condition of supervised release or
19  unlawful conduct by the defendant, and by any Probation Officer in
20  the lawful discharge of the officer's supervision functions;

21                   (14)    The defendant shall possess and use only those
22  computers and computer-related devices, screen user names,
23  passwords, email accounts, and internet service providers (ISPs),
24  which have been disclosed to the Probation Officer upon commencement
25  of supervision.  Any changes or additions are to be disclosed to the
26  Probation Officer prior to the first use.  Computers and computer-
27  related devices are personal computers, personal data assistants
28  (PDAs), electronic tablets, electronic reading devices, internet

6

1 appliances, electronic games, cellular telephones, and digital
2 storage media, as well as their peripheral equipment, that can
3 access, or can be modified to access, the internet, electronic
4 bulletin boards, and other computers;

5         (15)   All computers, computer-related devices, and
6 their peripheral equipment, used by the defendant shall be subject
7 to search and seizure.  This shall not apply to items used at the
8 employment's site, which are maintained and monitored by the
9 employer;

10         (16)   The defendant shall comply with the rules and
11 regulations of the Computer Monitoring Program.  The defendant shall
12 consent, at the direction of the probation officer, to having
13 installed on his computer(s) and any hardware or software, systems
14 to monitor his computer use.  Monitoring will occur on a random
15 and/or regular basis.  The defendant shall pay the cost of the
16 Computer Monitoring Program, in an amount not to exceed $32 per
17 month per device connected to the internet;

18         (17)   The defendant shall provide a DNA sample as
19 directed by the probation officer.

20 CEOS'S OBLIGATIONS

21    4.  CEOS agrees to:

22     a)   Not contest facts agreed to in this agreement.

23     b)   Abide by all agreements regarding sentencing
24 contained in this agreement and affirmatively recommend to the court
25 that it impose sentence in accordance with paragraph 15 of this
26 agreement.

27     c)   Not bring any additional criminal charges against the
28 defendant arising out of: (1) the facts that form the basis of the

7

1  Indictment, (2) facts presently known to the United States
2  including, but not limited to, evidence seized or otherwise obtained
3  in the course of the investigation of this matter, and/or the fruits
4  of such evidence, or (3) defendant's conduct described in the
5  agreed-to factual basis set forth in paragraph 13.  Facts known to
6  the United States include the existence of lascivious visual
7  depictions of minors both at ONE Archives at the University of
8  Southern California and among materials the FBI seized from
9  defendant's former home.  Defendant understands, however, that CEOS
10  is free to criminally prosecute defendant for any unlawful conduct
11  that occurs after the date of this agreement or that is currently
12  unknown to the government.

13         d)   At the time of sentencing, move to dismiss Counts 1-3
14  of the Indictment against defendant.

15                          NATURE OF THE OFFENSE

16      5.   Defendant understands that for the defendant to be guilty
17  of the crime charged in Count 4 of the Indictment, that is,
18  Engaging in Illicit Sexual Conduct in Foreign Places in violation
19  of 18 U.S.C. § 2423(c), the following must be true:

20         a)   The defendant is a United States citizen;

21         b)   The defendant traveled in foreign commerce; and

22         c)   The defendant engaged in or attempted to engage in
23  "illicit sexual conduct" with another person.

24      6.   As defined in 18 U.S.C. § 2423(f) and applicable in this
25  case, the term "illicit sexual conduct" includes knowingly
26  engaging in a sexual act with a minor who is less than 16 years
27  old and more than 12 years old.  In addition the minor must be at
28  least 4 years younger than the defendant.  The term "sexual act"

1   includes, among other things: the intentional touching, not

2   through the clothing, of the genitalia of another person who has

3   not attained the age of 16 years with an intent to abuse,

4   humiliate, harass, degrade, or arouse or gratify the sexual desire

5   of any person.

6                        PENALTIES AND RESTITUTION

7        7.  Defendant understands that the statutory maximum sentence

8   that the Court can impose for a violation of Title 18, United

9   States Code, Section 2423(c), is: 30 years imprisonment; a

10  lifetime of supervised release; a fine of $250,000.00 or twice the

11  gross gain or gross loss resulting from the offense, whichever is

12  greatest; and a mandatory special assessment of $100.

13       8.     Defendant understands that supervised release is a

14  period of time following imprisonment during which defendant will

15  be subject to various restrictions and requirements.  Defendant

16  understands that if defendant violates one or more of the

17  conditions of any supervised release imposed, defendant may be

18  returned to prison for all or part of the term of supervised

19  release authorized by statute for the offense that resulted in the

20  term of supervised release, which could result in defendant

21  serving a total term of imprisonment greater than the statutory

22  maximum stated above.

23       9.  Defendant understands that as a condition of supervised

24  release, under Title 18, United States Code, Section 3583(d),

25  defendant will be required to register as a sex offender.

26  Defendant understands that independent of supervised release, he

27  will be subject to federal and state registration requirements,

28  for a possible maximum term of registration up to and including

9

1    life.  Defendant further understands that, under Title 18, United

2    States Code, Section 4042(c), notice will be provided to certain

3    law enforcement agencies upon his release from confinement

4    following conviction.

5          10.    Defendant understands and agrees that pursuant to

6    Title 18, United States Code, Section 3663A, defendant will be

7    required to pay restitution to the victim of the offense to which

8    defendant is pleading guilty.  The parties agree that the amount

9    of full restitution for all victims identified by first and last

10    initial in paragraph 13 below ("J.M.", "W.L.", "A.C.", "J.O.",

11    "M.M.", "A.A.", and "D.R.R"), as well as any other victim of any

12    relevant conduct as defined in U.S.S.G. § 1B1.3, in connection

13    with the offense to which defendant is pleading guilty, is

14    $25,000.00USD.

15          11.    Defendant understands that, by pleading guilty,

16    defendant may be giving up valuable government benefits and

17    valuable civic rights, such as the right to vote, the right to

18    possess a firearm, the right to hold office, and the right to

19    serve on a jury.  Defendant understands that once the Court

20    accepts defendant's guilty plea, it will be a federal felony for

21    defendant to possess a firearm or ammunition.  Defendant

22    understands that the conviction in this case may also subject

23    defendant to various other collateral consequences, including but

24    not limited to, revocation of probation, parole, or supervised

25    release in another case and suspension or revocation of a

26    professional license.  Defendant understands that unanticipated

27    collateral consequences will not serve as grounds to withdraw

28    defendant's guilty plea.

12. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and CEOS agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

> Between on or around February of 2010 and on or about March 2011, and at all times relevant to the charge, Defendant, a U.S. citizen, was residing in Los Angeles, California in the Central District of California. In approximately January 2010, Defendant met two minor males, "J.M." (age 14) and "A.C." (age 13), on the internet. Over the course of several months, Defendant developed an online "romantic" relationship with each male, communicating with them via email and online video chat sessions.

> On or about January 22, 2011, after communicating with the males for almost a year, Defendant traveled in foreign commerce to Pagadian City, Republic of Philippines from Los Angeles Airport (LAX). Once in the Philippines,

Defendant met with "J.M." and "A.C." over the course of several days and knowingly engaged in illicit sexual conduct, as defined in 18 U.S.C. §§ 2243(a) and 2423(f), with both males.  Defendant also knowingly engaged in illicit sexual conduct with "W.L.," a male minor, aged 15. At the time of the illicit sexual conduct, Defendant was 62 years old and Defendant knew that all three males were under the age of 16.

Defendant created and transported lascivious visual depictions of "J.M." to the United States when he returned from his trip to the Philippines on or about February 11, 2011.

Defendant subsequently traveled to Dipolog, Republic of the Philippines.  In Dipolog, Defendant met with a seventeen-year-old minor male, "J.O."  Over the course of several days, Defendant engaged in illicit sexual conduct, as defined in 18 U.S.C. §§ 2243(a) and 2423(f), with "J.O."  Defendant created and transported lascivious visual depictions of "J.O." to the United States when he returned from his trip to the Philippines on or about February 11, 2011.

"J.O." also introduced Defendant to three other sixteen-year-old minor males, "M.M.", "A.A", and "D.R."  Defendant engaged in illicit sexual conduct with "M.M.", "A.A", and "D.R."  Defendant created and transported lascivious photos of "A.A." to the United States when he returned from his trip to the Philippines on or about February 11, 2011.

As noted above, Defendant returned to the United States from this trip on February 11, 2011.  Upon his arrival at Los Angeles Airport, Defendant was intercepted by law enforcement and later found to be in possession of the images described above, as well as several other visual depictions of nude minors.

Defendant was employed as a professor at the University of Southern California (USC) for over 20 years until his resignation in February of 2011.  In June 2013, an attorney representative for USC provided the FBI with material that Defendant had donated to ONE National Gay and Lesbian Archives that contained sexually explicit, lascivious depictions of minors.

In 2014, Federal agents obtained from a former home of Defendant, materials which included sexually explicit, lascivious, visual depictions of minors.

### SENTENCING FACTORS AND AGREED-UPON SENTENCING RANGE

14.     Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

15.     Defendant and CEOS agree pursuant to Rule 11(c)(1)(C) that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of this case is that the court impose a sentence of: up to 60 months imprisonment; 10 years supervised release with conditions to be fixed by the Court, as set forth in paragraph 3 above; restitution in the amount of $25,000.00USD made in accordance with inter alia 18 U.S.C. § 3663(a)(3) and to be divided among the victims identified by first and last initial in paragraph 13 above("J.M.", "W.L.", "A.C.", "J.O.", "M.M.", "A.A.", and "D.R.R", as well as to any other victim of any relevant conduct)in amounts to be recommended by the government to the Court prior to sentencing; and a mandatory special assessment of $100.  The parties further agree that restitution is to be made no later than ten days following sentencing.  The parties agree that no fine, no community service, no home confinement nor community confinement as conditions of release, should be imposed.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a)    The right to persist in a plea of not guilty.

b)    The right to a speedy and public trial by jury.

c)    The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the Court appoint counsel - at every other stage of the proceeding.

d)    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)    The right to confront and cross-examine witnesses against defendant.

f)    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

17.    Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital

14

1    data contained on those digital devices and/or digital media and
2    agrees that if any of these digital devices and/or digital media
3    are returned to defendant, the government may delete all digital
4    data from those digital devices and/or digital media before they
5    are returned to defendant.  Defendant will have the opportunity to
6    retrieve, through his attorneys, non-contraband files and writings
7    stored on the digital devices and media seized in this case.

### WAIVER OF APPEAL OF CONVICTION

9        18.    Defendant understands that, with the exception of an
10   appeal based on a claim that defendant's guilty plea was
11   involuntary, or an illegal sentence was imposed, by pleading
12   guilty defendant is waiving and giving up any right to appeal
13   defendant's conviction or sentence on the offense to which
14   defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16       19.    Defendant agrees that, provided the Court imposes the
17   sentence specified in paragraph 15 above, defendant gives up the
18   right to appeal any portion of that sentence.

19       20.    CEOS agrees that, provided the Court imposes the
20   sentence specified in paragraph 15 above, CEOS gives up its right
21   to appeal any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

23       21.    Defendant agrees that if, after entering a guilty
24   plea pursuant to this agreement, defendant seeks to withdraw and
25   succeeds in withdrawing defendant's guilty plea on any basis other
26   than a claim and finding that entry into this plea agreement was
27   involuntary, then CEOS will be relieved of all of its obligations
28   under this agreement; and (b) should CEOS choose to pursue any

1  charge that was either dismissed or not filed as a result of this
2  agreement, then (i) any applicable statute of limitations will be
3  tolled between the date of defendant's signing of this agreement
4  and the filing commencing any such action; and (ii) defendant
5  waives and gives up all defenses based on the statute of
6  limitations, any claim of pre-indictment delay, or any speedy
7  trial claim with respect to any such action, except to the extent
8  that such defenses existed as of the date of defendant's signing
9  this agreement.

10                    EFFECTIVE DATE OF AGREEMENT

11      22.    This agreement is effective upon signature and
12  execution of all required certifications by defendant, defendant's
13  counsel, and a CEOS trial attorney.

14                      BREACH OF AGREEMENT

15      23.    Defendant agrees that if defendant, at any time after
16  the signature of this agreement and execution of all required
17  certifications by defendant, defendant's counsel, and a CEOS trial
18  attorney, knowingly violates or fails to perform any of
19  defendant's obligations under this agreement ("a breach"), CEOS
20  may declare this agreement breached.  All of defendant's
21  obligations are material.  A single breach of this agreement is
22  sufficient for CEOS to declare a breach. Defendant shall not be
23  deemed to have cured a breach without the express agreement of
24  CEOS in writing.  If CEOS declares this agreement breached, and
25  the Court finds such a breach to have occurred, then: (a) if
26  defendant has previously entered a guilty plea pursuant to this
27  agreement, defendant will not be able to withdraw the guilty plea,
28  (b) CEOS will be relieved of all its obligations under this

1    agreement, and (c) the Court's failure to follow any

2    recommendation or request regarding sentence set forth in this

3    agreement will not provide a basis for defendant to withdraw

4    defendant's guilty plea[s].

5         24.    Following the Court's finding of a knowing breach of

6    this agreement by defendant, should CEOS choose to pursue any

7    charge that was either dismissed or not filed as a result of this

8    agreement, then:

9         a)    Defendant agrees that any applicable statute of

10   limitations is tolled between the date of defendant's signing of

11   this agreement and the filing commencing any such action.

12        b)    Defendant waives and gives up all defenses based on

13   the statute of limitations, any claim of pre-indictment delay, or

14   any speedy trial claim with respect to any such action, except to

15   the extent that such defenses existed as of the date of defendant's

16   signing this agreement.

17        c)    Defendant agrees that: (i) any statements made by

18   defendant, under oath, at the guilty plea hearing (if such a hearing

19   occurred prior to the breach); (ii) the agreed to factual basis

20   statement in this agreement; and (iii) any evidence derived from

21   such statements, shall be admissible against defendant in any such

22   action against defendant, and defendant waives and gives up any

23   claim under the United States Constitution, any statute, Rule 410 of

24   the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

25   Criminal Procedure, or any other federal rule, that the statements

26   or any evidence derived from the statements should be suppressed or

27   are inadmissible.

28

## COURT AND PROBATION OFFICE NOT PARTIES

25.    Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of CEOS's sentencing recommendations or the parties' agreements to facts or sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

26.    Defendant understands that both defendant and CEOS are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error to the extent that the sentence imposed is that set forth in paragraph 15.  While this paragraph permits both CEOS and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and CEOS's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

27.    Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between CEOS and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered

1   into unless in a writing signed by all parties or on the record in

2   court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

3

4        28.    The parties agree that this agreement will be

5   considered part of the record of defendant's guilty plea hearing

6   as if the entire agreement had been read into the record of the

7   proceeding.

8

AGREED AND ACCEPTED

9

UNITED STATES DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
10  CHILD EXPLOITATION AND OBSCENTIY SECTION

11  ANDREW G. OOSTERBAAN
    Chief
12

13                                          August 26, 2014
    _____              _____
14  HERBRINA SANDERS                      Date
    RAVI SINHA
15  Trial Attorneys
                                          25 August 2014
16  _____              _____
    WALTER LEE WILLIAMS                   Date
17  Defendant
                                          8/25/2014
18  _____              _____
    EVAN A. JENNESS                       Date
19
                                          25 August 2014
20  _____              _____
    JEFFREY J. DOUGLAS                    Date

21

22  Attorneys for Defendant
    WALTER LEE WILLIAMS

23

24

25

26

27

28

                                19

1                         <u>CERTIFICATION OF DEFENDANT</u>

2      I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorneys.  I

5 understand the terms of this agreement, and I voluntarily agree to

6 those terms.  I have discussed the evidence with my attorneys, and

7 my attorneys have advised me of my rights, of possible pretrial

8 motions that might be filed, of possible defenses that might be

9 asserted either prior to or at trial, of the sentencing factors set

10 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

11 provisions, and of the consequences of entering into this agreement.

12 No promises, inducements, or representations of any kind have been

13 made to me other than those contained in this agreement.  No one has

14 threatened or forced me in any way to enter into this agreement.  I

15 am satisfied with the representation of my attorneys in this matter,

16 and I am pleading guilty because I am guilty of the charges and wish

17 to take advantage of the promises set forth in this agreement, and

18 not for any other reason.

19

20 *Walter Lee Williams*                *25 August 2014*

21 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
WALTER LEE WILLIAMS               Date
Defendant

22

23

24

25

26

27

28

1          <u>CERTIFICATION OF DEFENDANT'S ATTORNEYS</u>

2      I am WALTER LEE WILLIAMS's attorney.  I have carefully and

3  thoroughly discussed every part of this agreement with my client.

4  Further, I have fully advised my client of his rights, of possible

5  pretrial motions that might be filed, of possible defenses that

6  might be asserted either prior to or at trial, of the sentencing

7  factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

8  Guidelines provisions, and of the consequences of entering into this

9  agreement.  To my knowledge: no promises, inducements, or

10  representations of any kind have been made to my client other than

11  those contained in this agreement; no one has threatened or forced

12  my client in any way to enter into this agreement; my client's

13  decision to enter into this agreement is an informed and voluntary

14  one; and the factual basis set forth in this agreement is sufficient

15  to support my client's entry of a guilty plea pursuant to this

16  agreement.

17

18  EVAN A. JENNESS                          Date  8/25/2014

19

20  JEFFREY J. DOUGLAS                       Date  25 August 2014

21  Attorneys for Defendant
    WALTER LEE WILLIAMS
22

23

24

25

26

27

28