ANDREW G. OOSTERBAAN
Chief, Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice
RAVI SINHA
HERBRINA D. SANDERS
Trial Attorneys
Child Exploitation & Obscenity Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, NW, Suite 600
    Washington, DC, 20005
    Telephone: (202) 616-1951
    Facsimile: (202) 514-1793
    Email: ravi.sinha@usodj.gov
        herbrina.sanders@usdoj.gov

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WALTER LEE WILLIAMS,<br><br>    Defendant. | CR No. 13-0302-PSG<br><br>UNITED STATES' SENTENCING MEMORANDUM AND RESTITUTION STATMENT<br><br>Hearing Date:  December 15, 2014<br>Time:        10:00 AM<br>Place:       Courtroom of the<br>              Hon. Philip S. Gutierrez |

      The United States files this Sentencing Memorandum and respectfully asks this Court to (1) accept the parties' Rule 11(c)(1)(C) Plea Agreement (Doc. 187; filed 8/26/14) and (2) impose a sentence of 60 months incarceration.  Given the present posture of the case, the United States believes that the proposed 11(c)(1)(C) sentence—including up to 60 months incarceration, $25,000 in funded restitution, 10 years of supervised release, and a requirement that Defendant register as a sex offender—constitutes a just resolution of the case and is sufficient but not greater than necessary to further the purposes set forth in 18 U.S.C. § 3553.  Moreover, if this Court imposes the

agreed-upon sentence, the United States respectfully asks that the restitution be divided among the seven victims named in paragraph 13 of the plea agreement's Factual Basis (identified therein as "J.M.", "W.L.","A.C.", "J.O.", "M.M.", "A.A.", and "D.R.") in the amounts set forth below.

A sentence of 60 months incarceration, in concert with the other agreed-upon conditions, furthers the sentencing purposes set forth in § 3553. Given Defendant's age (66) and ill health, the requested sentence—60 months incarceration, followed by 10 years of supervised release, and lifetime sex-offender registration—is likely to protect the public from further criminal activity. Even were Defendant to receive Good Conduct Time credit, he is likely to be incarcerated until he is almost 70 and will be on supervised release until almost 80. After that, Defendant would remain subject to mandatory registration as a sex offender. Moreover, there is a high likelihood that, prior to Defendant's release from incarceration, the United States Secretary of State will act to revoke Defendant's passport. *See* 22 U.S.C. § 212a (instructing Secretary of State to revoke passport following an 18 U.S.C. § 2423 conviction). Accordingly, the United States is satisfied that a sentence of 60 months incarceration, along with the above-listed conditions, *inter alia*, takes sufficient account of the history and characteristics of the Defendant and will adequately protect the public.

The agreed-upon sentence, which contains a provision under which Defendant has agreed to pay $25,000 restitution, will also benefit the victims. Given the victims' depressed economic status and the cost-of-living in the Philippines, distribution of the agreed-upon restitution amount will have profound and immediate effects on their lives. With regard to restitution amounts, the United States respectfully asks this Court to order restitution funds to be distributed to the seven minor victims identified in paragraph 13 of the plea agreement in the following amounts:

1. "J.M.": $3571.43
2. "W.L.": $3571.43
3. "A.C.": $3571.43
4. "J.O.": $3571.43
5. "M.M.": $3571.43
6. "A.A.": $3571.43
7. "D.R.": $3571.42

In addition to providing restitution, acceptance of the parties' agreed-upon sentence will bring an end to the litigation and will allow the victims to finally move forward with their lives. Mr. Williams will be punished for his criminal activity and will, in all likelihood, spend the rest of his life incarcerated, under Probation's supervision, and/or under sex-offender registration requirements. The United States is satisfied that the agreed-upon sentence is prudent under the circumstances and furthers the aims of 18 U.S.C. § 3553(a). Accordingly, the United States respectfully asks this Court to accept the parties' Rule 11(c)(1)(C) plea agreement and to impose a sentence of 60 months incarceration.

Dated: December 9, 2014

Respectfully submitted,

ANDREW G. OOSTERBAAN
Chief
Child Exploitation & Obscenity Section
Criminal Division
U.S. Department of Justice

*/s/ Ravi Sinha*
RAVI SINHA
HERBRINA D. SANDERS
Trial Attorneys
Child Exploitation & Obscenity Section
Criminal Division
U.S. Department of Justice

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA