Case 2:13-cr-00302-PSG   Document 234   Filed 02/14/24   Page 1 of 5   Page ID #:2952

FILED
CLERK, U.S. DISTRICT COURT
02/14/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KC___ DEPUTY

1 | E. MARTIN ESTRADA
  | United States Attorney
2 | MACK E. JENKINS
  | Assistant United States Attorney
3 | Chief, Criminal Division
  | SEAN D. PETERSON
4 | Assistant United States Attorney
  | Chief, Riverside Branch Office
5 | ERIN KISS (Cal. Bar No. Pending)
  | Assistant United States Attorney
6 | Riverside Branch Office
7 |     3403 Tenth Street, Suite 200
  |     Riverside, California 92501
  |     Telephone: (951) 276-6259
8 |     Facsimile: (951) 276-6202
  |     Email:     Erin.Kiss@usdoj.gov
9 |
  | Attorneys for Plaintiff
10| UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:13-CR-00302-PSG |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| WALTER LEE WILLIAMS, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1.  Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

        a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

1

```
         ____  b. defendant is an alien not lawfully admitted for
                permanent residence; and
         ____  c. defendant may flee; or
         ____  d. pose a danger to another or the community.
   ____  2. Pretrial Detention Requested (§ 3142(e)) because no
            condition or combination of conditions will reasonably
            assure:
         ____  a. the appearance of the defendant as required;
         ____  b. safety of any other person and the community.
    x   3. Detention Requested Pending Supervised Release/Probation
            Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18
            U.S.C. § 3143(a)):
          x  a. defendant cannot establish by clear and convincing
                evidence that he/she will not pose a danger to any
                other person or to the community;
          x  b. defendant cannot establish by clear and convincing
                evidence that he/she will not flee.
   ____  4. Presumptions Applicable to Pretrial Detention (18 U.S.C.
            § 3142(e)):
         ____  a. Title 21 or Maritime Drug Law Enforcement Act
                ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
                10-year or greater maximum penalty (presumption of
                danger to community and flight risk);
         ____  b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
                2332b(g)(5)(B) with 10-year or greater maximum
                penalty (presumption of danger to community and
                flight risk);
```

|   |   |   |
|---|---|---|
| 1 | \_\_\_\_\_ | c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| 6 | \_\_\_\_\_ | d. defendant currently charged with an offense described in paragraph 5a – 5e below, AND defendant was previously convicted of an offense described in paragraph 5a – 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| 16 | x | 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
| 18 | \_\_\_\_\_ | a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
| 22 | \_\_\_\_\_ | b. an offense for which maximum sentence is life imprisonment or death; |
| 24 | \_\_\_\_\_ | c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |

1      \_\_\_\_\_  d. any felony if defendant has two or more convictions
2             for a crime set forth in a-c above or for an offense
3             under state or local law that would qualify under a,
4             b, or c if federal jurisdiction were present, or a
5             combination or such offenses;
6      \_\_\_\_\_  e. any felony not otherwise a crime of violence that
7             involves a minor victim or the possession or use of
8             a firearm or destructive device (as defined in 18
9             U.S.C. § 921), or any other dangerous weapon, or
10           involves a failure to register under 18 U.S.C. §
11           2250;
12     \_x\_  f. serious risk defendant will flee;
13     \_\_\_\_\_  g. serious risk defendant will (obstruct or attempt to
14           obstruct justice) or (threaten, injure, or
15           intimidate prospective witness or juror, or attempt
16           to do so).
17 \_\_\_\_\_ 6. Government requests continuance of \_\_\_\_\_ days for
18       detention hearing under § 3142(f) and based upon the
19       following reason(s):
20       _____
21       _____
22       _____
23       _____
24 //
25 //
26 //
27
28

7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: February 14, 2024          Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  SEAN D. PETERSON
                                  Assistant United States Attorney
                                  Chief, Riverside Branch Office


                                        /s/
                                  ERIN C. KISS
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA